**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| THE MEDICINES COMPANY, | ) | No. 1:11-CV-01285 |
|  | ) |  |
| Plaintiff, | ) | Hon. Amy J. St. Eve |
|  | ) |  |
| v. | ) | Hon. Susan E. Cox, Magistrate Judge |
|  | ) |  |
| MYLAN INC., MYLAN | ) |  |
| PHARMACEUTICALS INC., and | ) |  |
| BIONICHE PHARMA USA, LLC, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THE MEDICINES COMPANY'S MOTION FOR A BILL OF COSTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     ARGUMENT ................................................................................................................... 1

     A.    Rule 54(d)(1) Provides for the Award of Reasonable Costs to The Medicines Company, the Prevailing Party ................................................................. 1

     B.    Itemization of The Medicines Company's Reasonable Costs ................................. 2

     C.    Fees Under 28 U.S.C. § 1920(1): Fees of the Clerk and Marshal ......................... 2

     D.    Fees Under 28 U.S.C. § 1920(2): Fees of the Court Reporter ............................... 3

          1.    Deposition Transcripts ................................................................................ 3

          2.    Videotaped Depositions .............................................................................. 4

          3.    Trial and Hearing Transcripts ..................................................................... 7

     E.    Fees Under 28 U.S.C. § 1920(3): Witnesses Fees ................................................. 8

          1.    Witness Fees for Attendance at Court or a Deposition ............................... 8

          2.    Expert Deposition Fees ............................................................................. 11

     F.    28 U.S.C. § 1920(4): Fees for Exemplification and Copies ................................ 12

          1.    Fees for Exemplification ........................................................................... 12

          2.    Fees for Copies ......................................................................................... 13

II.    CONCLUSION ............................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Astra Aktiebolag v. Andrx Pharms., Inc. (In re Omeprazole Patent Litig.)*
    483 F.3d 1364 (Fed. Cir. 2007)............................................................................ 2

*Black & Decker v. Bosch Tools,*
    04 C 7955, 2006 U.S. Dist. LEXIS 94555 (N.D. Ill. Nov. 20, 2006)................................ 8

*Cefalu v. Vill. of Elk Grove,*
    211 F.3d 416 (7th Cir. 2000) ......................................................................... 12

*Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC,*
    No: 07 CV 623, 2014 U.S. Dist. LEXIS 4701 (N.D. Ill. Jan. 14, 2014)......................... 15

*Chi. United Indus. Ltd. v. City of Chi.,*
    05 C 5011, 2011 U.S. Dist. LEXIS 106523 (N.D. Ill. Sept. 20, 2011)........................... 13

*Comrie v. IPSCO Inc.,*
    No. 08 CV 3060, 2010 U.S. Dist. LEXIS 128217 (N.D. Ill. Dec. 1, 2010).................... 15

*Engate, Inc. v. Esquire Deposition Servs.. LLC,*
    No. 01 C 6204, 2006 U.S. Dist. LEXIS 25927 (N.D. Ill. Mar. 13, 2006) ........................ 5

*Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago,*
    38 F.3d 1429 (7th Cir. 1994) ......................................................................... 13

*Horizon Hobby, Inc. v. Ripmax Ltd.,*
    No. 07-CV-2133, 2009 U.S. Dist. LEXIS 96255 (C.D. Ill. Oct. 15, 2009).................... 12

*In re Omeprazole Patent Litig.,*
    M-21-81, 2004 U.S. Dist. LEXIS 15619 (S.D.N.Y. Aug. 9, 2004)................................ 1

*Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole,*
    No. 00 C 7620, 2004 U.S. Dist. LEXIS 4470 (N.D. Ill. Mar. 22, 2004) ........................ 12

*Jardin v. DATAllegro, Inc.,*
    08-CV-1462, 2011 U.S. Dist. LEXIS 117517 (N.D. Ill. Oct. 12, 2011) ........................ 14

*LG Elecs. U.S.A. v. Whirlpool Corp.,*
    No. 08 C 0242, 2011 U.S. Dist. LEXIS 121361 (N.D. Ill. Oct. 20, 2011) ............... *passim*

*Majeske v. City of Chicago,*
    218 F.3d 816 (7th Cir. 2000) .................................................................... 4, 7

*Oviedo v. Jones,*
    No. 99 C 5216, 2004 U.S. Dist. LEXIS 16770 (N.D. Ill. Aug. 19, 2004)........................ 4

*Plyler v. Whirlpool Corp.*,
    No. 08 C 6637, 2012 U.S. Dist. LEXIS 164654 (N.D. Ill. Nov. 19, 2012) ..................... 14

*Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*,
    155 F. Supp. 2d 880 (N.D. Ill. 2001) ............................................................. 11

*T.D. v. La Grange Sch. Dist., No. 102*,
    349 F.3d 469 (7th Cir. 2003) ...................................................................... 8

*Tchemkou v. Mukasey*,
    517 F.3d 506 (7th Cir. 2008) ..................................................................... 12

*Telular Corp. v. Mentor Graphics Corp.*,
    No. 01 C 431, 2006 U.S. Dist. LEXIS 44848 (N.D. Ill. June 16, 2006) ......................... 13

*Top Tobacco, L.P. v. N. Atl. Operating Co., Inc.*,
    No. 06 C 950, 2007 U.S. Dist. LEXIS 28543 (N.D. Ill. Apr. 17, 2007)..................... 5, 14

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
    750 F. Supp. 2d 962 (N.D. Ill. 2010) ............................................................. 9

*United States ex rel. Yannacopoulos v. Gen. Dynamics*,
    No. 03 C 3012, 2012 U.S. Dist. LEXIS 68071 (N.D. Ill. May 15, 2012)........................ 15

*Winniczek v. Nagelberg*,
    400 F.3d 503 (7th Cir. 2005) ...................................................................... 2

## **Statutes**

28 U.S.C. § 1821(d)(1) ................................................................................ 9

28 U.S.C. § 1821(d)(2) ................................................................................ 9

28 U.S.C. § 1920(1) ................................................................................... 2

28 U.S.C. § 1920(2) ............................................................................. 3, 4, 5

28 U.S.C. § 1920(3) ................................................................................ 8, 9

28 U.S.C. § 1920(4) ...................................................................... 12, 13, 14, 15

## **Rules**

Fed. R. Civ. P. 54(d)(1) ............................................................................... 1

N.D. Ill. LR54.1(a) ................................................................................... 1

N.D. Ill. LR54.1(b) ................................................................................... 4

In accordance with Federal Rule of Civil Procedure 54(d), Local Rule 54.1(a), and the Court's November 10, 2014 Order (ECF No. 614), The Medicines Company respectfully requests that the Court tax the costs found in the attached bill of costs (Exhibit 1)[1] against defendants Mylan Inc., Mylan Pharmaceuticals Inc., and Bioniche Pharma USA, LLC (collectively "Mylan").  Under the applicable regulations, statutes, and case law, The Medicines Company is seeking taxable costs of $260,324.44.

## I.    ARGUMENT

### A.    Rule 54(d)(1) Provides for the Award of Reasonable Costs to The Medicines Company, the Prevailing Party

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  *See* Fed. R. Civ. P. 54(d)(1).  On October 27, 2014, this Court issued an Opinion and Order holding that Mylan's proposed generic bivalirudin drug product infringed the asserted claims of The Medicines Company's '727 patent and that the asserted claims were not invalid or unenforceable.  ECF No. 590 at 80.  The Court entered an Amended Final Judgment on November 12, 2014.  ECF No. 615.  Among other things, the Court's final judgment enjoined Mylan from making its proposed generic drug product.  *Id.* at 2-3.  Accordingly, The Medicines Company is the "prevailing party" and is entitled to recover certain taxable costs against Mylan. *See, e.g., In re Omeprazole Patent Litig.*, M-21-81, 2004 U.S. Dist. LEXIS 15619, at *3 (S.D.N.Y. Aug. 9, 2004) (even though defendants successfully invalidated certain asserted claims, "the finding that the Defendants infringed two of Astra's [other] patents and that [Astra was] entitled to an injunction was an overwhelming victory for Astra; one that leads inexorably to the conclusion that Astra was the prevailing party in this [Hatch-Waxman] litigation."), *aff'd*,

---

[1] "Exhibit __" or "Ex. __" refers to the exhibits in the accompanying declaration of Porter F. Fleming.

*Astra Aktiebolag v. Andrx Pharms., Inc. (In re Omeprazole Patent Litig.)*, 483 F.3d 1364, 1376 (Fed. Cir. 2007).

### B.      Itemization of The Medicines Company's Reasonable Costs

As summarized in the table below, The Medicines Company seeks taxable costs totaling $260,324.44.

**Table 1 - Summary of The Medicines Company's Requested Costs**

| Taxable Cost | Costs Requested |
|---|---|
| § 1920(1): Fees of the Clerk and Marshal | $845.00 |
| § 1920(2): Fees of the Court Reporter | $81,568.20 |
| § 1920(3): Fees for Witnesses | $55,356.76 |
| § 1920(4): Fees for Exemplification and Copies | $122,554.48 |
| **Total** | **$260,324.44** |

### C.      Fees Under 28 U.S.C. § 1920(1): Fees of the Clerk and Marshal

The Medicines Company seeks a total of $845.00 for "fees of the clerk and marshal" ($495.00 for service fees and $350.00 for the complaint filing fee).

Service fees "may not exceed amounts charged by the United States Marshal Service, which is $55.00 per hour, as well as any travel costs and out-of-pocket expenses." *LG Elecs. U.S.A. v. Whirlpool Corp.*, No. 08 C 0242, 2011 U.S. Dist. LEXIS 121361, at *6 (N.D. Ill. Oct. 20, 2011) (St. Eve, J).  Accordingly, The Medicines Company seeks $55.00 for each instance that it used a process server to serve: (i) the Complaint on the three defendants; and (ii) deposition and trial subpoenas on third parties or third-party witnesses.  Although The Medicines Company used private process servers that charged higher fees ($1,873.50) (*see* Ex. 2), The Medicines Company's request is based on the U.S. Marshal's rate of $55.00.  As there were nine services, the service-fee total is $495.00.  The Medicines Company also seeks $350.00 for filing the Complaint.  *See Winniczek v. Nagelberg*, 400 F.3d 503, 504-05 (7th Cir. 2005) (docketing fees constitute "fees of the clerk" and are recoverable under § 1920(1)).

A summary of the requested fees for the clerk and marshal appear below in Table 2. The supporting invoices can be found in Exhibit 2.

**Table 2 - Fees for the Clerk and Marshal**

| Date | Party or Witness | Event | Actual Costs | Requested Costs |
|------|------------------|-------|-------------|-----------------|
| 2/23/2011 | N/A | Docketing fee | $350.00 | $350.00 |
| 3/2/2011 | Bioniche Pharma USA, LLC | Service of complaint | | $55.00 |
| 3/4/2011 | Mylan Pharmaceuticals Inc. | Service of complaint | $479.50 | $55.00 |
| 3/7/2011 | Mylan Inc. | Service of complaint | | $55.00 |
| 7/2/2012 | Navneet Puri | Service of deposition subpoena | $185.00 | $55.00 |
| 7/2/2012 | Satish Pejaver | Service of deposition subpoena | $97.50 | $55.00 |
| 7/19/2012 | Daniel Hoch | Service of deposition subpoena | $96.00 | $55.00 |
| 9/8/2012 | Rekha Nayak | Service of deposition subpoena | $183.50 | $55.00 |
| 5/12/2014 | Daniel Hoch | Service of trial subpoena | $482.00 | $55.00 |
| 5/16/2014 | Julie Simon | Service of trial subpoena | | $55.00 |
| **Total** | | | **$1,873.50** | **$845.00** |

### D. Fees Under 28 U.S.C. § 1920(2): Fees of the Court Reporter

The Medicines Company seeks a total of $81,568.20 for "fees of the court reporter" ($43,757.78 for deposition transcripts, $28,502.60 for videotaped depositions, and $9,307.82 for trial and hearing transcripts).

### 1. Deposition Transcripts

A party may recover costs of deposition transcripts "necessarily obtained for use in the case" under 28 U.S.C. §1920(2). Deposition costs in this case exceeded $80,000. However, based on Judicial Conference rates (described below), The Medicines Company requests only $43,757.78.

In this litigation, The Medicines Company noticed and deposed Mylan's disclosed experts, key Bioniche employees/former employees, and third parties involved in the development, formulation, and research of Mylan's generic bivalirudin product. Mylan disclosed 19 witnesses in its supplemental initial disclosures and the parties collectively deposed each of these witnesses. The deposition transcripts for these and other witnesses were reasonably necessary and the parties designated or counter-designated testimony from the

majority of the depositions for use at trial. *See* ECF Nos. 412-7; 412-8; *see also LG Elecs.*, 2001 U.S. Dist. LEXIS 121361, at *7 ("Courts award deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the depositions."). Mylan not only designated 19 deposition transcripts from this litigation for use at trial, but it also designated testimony from 15 other depositions taken in The Medicines Company's related Angiomax® litigations. *See, e.g.*, ECF No. 412-8 at 6, 18, 26, 38, 48, 63, 76, 88, 91, 100, 116, 127, 135, 145, 156. These deposition transcripts were also reasonably necessary and many were: (i) analyzed by the Court before or during trial (*see, e.g.*, ECF Nos. 516, 520-522, 534-540); and/or (ii) listed in the Court's Opinion and Order (*see* ECF No. 590 at 7-8).

Accordingly, The Medicines Company seeks costs related to one original (and one copy where applicable) for each deposition transcript taken in this litigation. *See* N.D. Ill. LR54.1(b) ("Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."). The Medicines Company also seeks the costs related to one original (and one copy where applicable) of the 15 deposition transcripts from the other litigations that Mylan elected to designate for use at trial. *See Oviedo v. Jones*, No. 99 C 5216, 2004 U.S. Dist. LEXIS 16770, at *5 (N.D. Ill. Aug. 19, 2004) ("Courts have long recognized that fees for 'trial transcripts ***and transcripts from other court proceedings*** necessarily obtained for use in the case' will be awarded." (emphasis added) (quoting *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000)).

### 2. Videotaped Depositions

"Under Section 1920(2), costs for . . . video-recorded depositions . . . may be taxed to the losing party if the video [is] necessarily obtained for use in the case." *LG Elecs.*, 2001 U.S. Dist LEXIS 121361, at *9 (citations omitted). Accordingly, The Medicines Company seeks a total of

$28,502.60 for videotaped depositions, as the costs associated with these video-recorded depositions satisfy the requirements under Section 1920(2) and are recoverable. *See Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 U.S. Dist. LEXIS 25927, at *6-7 (N.D. Ill. Mar. 13, 2006). The Medicines Company's request for video-deposition costs also includes the cost for videos of witnesses on the parties' "may call" and "will call" lists. *See, e.g.*, ECF No. 412-3 (listing three witnesses on the "Will Call" list and 14 witnesses on its "May Call" list); ECF No. 412-4 (listing 10 witnesses on "Intend to Call" list and 18 witnesses on its "May Call" list). The costs for these video depositions are also recoverable. *See LG Elecs.*, 2011 U.S. Dist. 121361, at *10 (awarding Whirlpool's videotape-deposition costs for fact witnesses and experts listed on LG's "may call" and "will call" trial lists); s*ee also Top Tobacco, L.P. v. N. Atl. Operating Co., Inc.*, No. 06 C 950, 2007 U.S. Dist. LEXIS 28543, at *22 (N.D. Ill. Apr. 17, 2007) ("Knowing that its opponent possessed video tapes of these depositions, it was reasonably and necessary for North Atlantic to obtain copies. In such a hotly contested case, North Atlantic would have been ill-advised not to do so.").

A summary of the requested deposition transcript and videotaped deposition costs appears in Table 3 below. The original invoices for the deposition transcripts and video depositions can be found in Exhibit 3. Although the actual costs for deposition and trial transcripts were substantially more, The Medicines Company reduced its requested amount for deposition transcripts based on the per-page rates established by the Judicial Conference, which for the applicable time period was: $3.65 for ordinary transcripts, $6.05 for daily transcripts, $3.05 for realtime transcripts, $0.90 for copies, and $1.20 for copies of daily transcripts. *See* Maximum Transcript Rates, http://www.uscourts.gov/FederalCourts/UnderstandingtheFederal Courts/DistrictCourts/FederalCourtReportingProgram.aspx#rates (last visited Dec. 9, 2014).

**Table 3 - Fees of the Court Reporter (Stenographic and Video Depositions)**

| Date | Deponent[2] | # of Pgs | $ per page | Actual Costs | Requested Costs | Requested Video Costs[3] |
|------|-------------|----------|------------|--------------|-----------------|--------------------------|
| 5/16/2011 | Sandra Kuzmich (APP) | 110 | $3.65 | $3,643.00 | $401.50 | $1,008.45 |
| 5/17/2011 | Rajeshwar Motheram (APP) | 248 | $3.65 | $1,382.40 | $905.20 | $437.50 |
| 5/18/2011 | Gary Musso (APP) | 348 | $3.65 | $2,103.00 | $1,270.20 | $902.30 |
| 5/24/2011 | Steve McKinnon (APP) | 203 | $3.65 | $1,252.88 | $740.95 | $393.75 |
| 5/31/2011 | Anthony Flammia (APP) | 397 | $3.65 | $2,367.00 | $1,449.05 | $1,079.53 |
| 6/1/2011 | Lisa-Sue Wood (APP) | 300 | $3.65 | $1,839.00 | $1,095.00 | $796.15 |
| 6/2/2011 | James Leary (APP) | 264 | $3.65 | $1,641.00 | $963.60 | $849.23 |
| 6/8/2011 | Gopal Krishna (APP) | 336 | $3.65 | $2,031.50 | $1,226.40 | $1,008.45 |
| 6/9/2011 | Gopal Krishna (APP) | 275 | $3.65 | $1,883.00 | $1,003.75 | $955.38 |
| 6/10/2011 | Gopal Krishna (APP) | 269 | $3.65 | $1,850.00 | $981.85 | $955.38 |
| 7/14/2011 | Timothy Smith (APP) | 303 | $3.65 | $2,338.40 | $1,105.95 | $1,114.61 |
| 7/15/2011 | Pamela Savoy (APP) | 219 | $3.65 | $1,469.70 | $799.35 | $477.69 |
| 7/21/2011 | Rajeshwar Motheram (APP) | 294 | $3.65 | $1,806.00 | $1073.10 | $1,061.53 |
| 5/17/2012 | Martina O'Sullivan | 168 | $4.55 | $1,554.75 | $764.40 | $1,204.97 |
| 5/18/2012 | Daniel Robins | 212 | $4.55 | $1,434.65 | $964.60 | $1,307.19 |
| 8/21/2012 | Leena Selvaraj | 265 | $4.55 | $1,293.60 | $1,205.75 | $865.56 |
| 8/22/2012 | Julie Simon | 358 | $4.55 | $1,749.30 | $1,628.90 | $865.56 |
| 10/17/2012 | Gopal Krishna | 313 | $3.65 | $3,456.82 | $1,142.45 | $581.25 |
| 10/18/2012 | Anthony Flammia | 268 | $3.65 | $3,428.01 | $978.20 | $506.25 |
| 10/19/2012 | Gary Musso | 362 | $3.65 | $3,222.52[4] | $1,321.30 | $675.00 |
| 10/25/2012 | Daniel Hoch | 305 | $4.55 | $1,181.41 | $1,181.41[5] | $795.00 |
| 11/29/2012 | Angela Green | 254 | $4.55 | $1,773.31 | $927.10 | $412.50 |
| 12/11/2012 | Ruth Varden | 161 | $4.55 | $647.56 | $647.56[6] | $675.00 |
| 12/12/2012 | Malini Sen | 237 | $4.55 | $935.61 | $935.61[7] | $767.00 |
| 12/18/2012 | Rajeshwar Motheram | 246 | $3.65 | $1,324.04 | $897.90 | $0.00 |
| 12/20/2012 | Satish Pejaver | 292 | $4.55 | $2,012.36 | $1,328.60 | $795.00 |
| 1/03/2013 | Sandra Kuzmich | 283 | $3.65 | $2,620.22 | $1,032.95 | $487.50 |
| 1/04/2013 | Rekha Nayak | 328 | $4.55 | $2,251.76 | $1,492.40 | $795.00 |
| 1/09/2013 | Lisa-Sue Wood | 197 | $3.65 | $2,115.00 | $719.05 | $495.00 |
| 1/15/2013 | James Leary | 207 | $3.65 | $1,508.62 | $755.55 | $245.00 |
| 1/18/2013 | Martha Gezzar | 152 | $3.65 | $1,221.85 | $554.80 | $0.00 |
| 1/18/2013 | Timothy Smith | 180 | $3.65 | $1,594.53 | $657.00 | $0.00 |
| 2/26/2013 | Gopal Krishna (Dr. Reddy's) | 131 | $3.65 | $624.15 | $478.15 | $0.00 |
| 4/09/2013 | Rajeshwar Motheram | 132 | $3.65 | $1,173.60 | $481.80 | $187.50 |
| 4/18/2013 | Alexander Klibanov | 428 | $3.65 | $5,492.95 | $1,562.20 | $880.00 |
| 4/25/2013 | David Auslander | 312 | $4.55 | $2,062.42 | $1,419.60 | $1,080.00 |
| 4/26/2013 | Fred Regnier | 298 | $4.55 | $2,246.64 | $1,355.90 | $865.56 |

[2] Mylan designated deposition transcripts from The Medicines Company's other litigations, including transcripts from APP Pharmaceuticals and Dr. Reddy's litigations (noted in parentheses).

[3] The Medicines Company does not request delivery costs associated with the video depositions or reimbursement of any other ancillary fees related to the video depositions.

[4] Figure reflects a $539.00 credit to FLH for two electronic versions of the transcripts ("Rough ASCIII").

[5] In circumstances such as this one where the costs permitted under the Judicial Conference ($1,387.75) exceed actual costs ($1,181.41), The Medicines Company requests the lower figure.

[6] The costs permitted under the Judicial Conference ($732.55) exceed actual costs ($647.56). Accordingly, The Medicines Company requests the lower figure.

[7] The costs permitted under the Judicial Conference ($1,078.35) exceed actual costs ($935.61). Accordingly, The Medicines Company requests the lower figure.

| Date | Deponent[2] | # of Pgs | $ per page | Actual Costs | Requested Costs | Requested Video Costs[3] |
|------|-----------|------|-----------|-------------|----------------|---------------------|
| 4/30/2013 | Nancy Linck | 257 | $4.55 | $1,770.05 | $1,169.35 | $865.56 |
| 5/07/2013 | Gerald J. Moffinghoff | 347 | $3.65 | $1,321.48 | $1,266.55 | $431.25 |
| 5/15/2013 | Ian McKeague | 207 | $4.55 | $1,550.61 | $941.85 | $795.00 |
| 5/21/2013 | Alan Salzberg | 144 | $3.65 | $1,579.20 | $525.60 | $0.00 |
| 5/31/2013 | Ivan Hofmann | 196 | $3.65 | $1,182.20 | $715.40 | $500.00 |
| 6/03/2013 | Anthony Flammia | 201 | $3.65 | $1,634.56 | $733.65 | $385.00 |
| 6/27/2013 | Sandra Kuzmich | 117 | $3.65 | $1,392.56 | $427.05 | $0.00 |
| 6/28/2013 | Russell Garman | 145 | $3.65 | $1,747.06 | $529.25 | $0.00 |
| **Total** | | **11,269** | | **$84,710.28** | **$43,757.78** | **$28,502.60** |

### 3.    Trial and Hearing Transcripts

"Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the United States Judicial Conference." *LG Elecs.*, 2011 U.S. Dist. LEXIS 121361, at *7-8 (citing N.D. Ill. LR54.1b)). Accordingly, The Medicines Company seeks to recover costs for one original and one realtime trial transcript at Judicial Conference rates (*see* Judicial Conference rates *supra* Part I.D.2). In this complex Hatch-Waxman litigation, the daily and realtime trial transcripts were necessary for direct and cross-examination of witnesses and were also relied upon to coordinate and facilitate the presentation of exhibits to be offered into evidence. *See Majeske*, 218 F.3d at 825 n.3. (7th Cir. 2000). In addition, the parties cited significant portions of the trial transcript throughout their post-trial briefs, including in their opening post-trial briefs filed thirteen days after trial. With respect to hearing transcripts, The Medicines Company incurred additional costs to expedite the delivery of certain transcripts. The Medicines Company, however, only seeks costs for hearing transcripts at the Judicial Conference rate for ordinary transcripts ($3.65 per page).

A summary of the requested trial and hearing transcript fees appears in Table 4 below. The original invoices can be found in Exhibit 4.

**Table 4 - Fees of the Court Reporter (Trial and Hearing Transcripts)**

| Date(s) | Description | # of Pgs | Actual Costs | Requested Costs |
|---|---|---|---|---|
| 2/28/12 | Transcript of proceedings | 5 | $24.25 | $18.25 |
| 5/31/12 | Transcript of proceedings | 4 | $14.60 | $14.60 |
| 7/30/12 | Transcript of proceedings | 49 | $178.85 | $178.85 |
| 10/24/12 | Transcript of proceedings | 13 | $47.45 | $47.45 |
| 12/11/12 | Transcript of Proceedings | 18 | $70.74 | $65.70 |
| 1/17/13 | Transcript of proceedings | 14 | $67.90 | $51.10 |
| 12/19/13 | Transcript of proceedings | 6 | $29.10 | $21.90 |
| 2/10/14 | Transcript of proceedings | 5 | $21.25 | $18.25 |
| 4/22/14 | Transcript of proceedings | 4 | $19.40 | $14.60 |
| 5/15/14 | Transcript of proceedings | 32 | $92.16 | $92.16 |
| 6/5/14; 6/9/14 - 6/13/14; 6/18/14 | Pretrial and trial transcripts | 1568 daily 1461 realtime | $8,759.41[8] | $8,759.41 |
| 11/10/14 | Transcript of proceedings | 7 | $50.75 | $25.55 |
| **Total** | | | **$9,375.86** | **$9,307.82** |

## E.     Fees Under 28 U.S.C. § 1920(3): Witnesses Fees

The Medicines Company seeks a total of $55,356.76 for fees for witnesses ($23,804.26

for witness fees, and $31,552.50 for expert deposition fees).

### 1.     Witness Fees for Attendance at Court or a Deposition

Section 1920(3) authorizes the recovery of witness fees for attendance at court or at a

deposition. *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 480-81 (7th Cir. 2003). While

Section 1821(b) limits those fees to $40.00 per day for each day's attendance, it also "allows for

the costs associated with 'the time necessarily occupied in going to and returning from the place

of attendance at the beginning and end of such attendance or at any time during such

attendance.'" *Black & Decker v. Bosch Tools*, 04 C 7955, 2006 U.S. Dist. LEXIS 94555, at *8

(N.D. Ill. Nov. 20, 2006) (St. Eve, J.) (quoting 28 U.S.C. § 1821(b)). In addition, "[s]ubsistence

costs for witnesses are recoverable when 'an overnight stay is required at the place of attendance

because such place is so far removed from the residence of such witness as to prohibit return

thereto from day to day.'" *Id*. at 971. "A subsistence allowance for a witness 'shall be paid in an

amount not to exceed the maximum per diem allowance' set by the General Services

---

[8] Before trial, the parties agreed to share costs of daily and realtime trail transcripts. The $8,759.41 cost reflects The Medicines Company's portion of the trial-transcript costs.

Administration." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 973 (N.D. Ill. 2010) (citing 28 U.S.C. § 1821(d)(2)). In June 2014, the per diem rate for lodging in Chicago was $186.00 per day. *See* FY 2014 Per Diem Rates for Illinois, http://www.gsa.gov/portal/category/100120 (last visited Dec. 9, 2014). The GSA rate for meals and incidental expenses in Chicago in June 2014 was $71.00. *Id.* As with lay witnesses, costs for witness fees, lodging, meals and incidentals are recoverable for expert witnesses as well. "Under 28 U.S.C. §§ 1920(3) and 1821(d)(1), a prevailing party is entitled to subsistence expenses for expert witnesses, which include accommodation expenses." *Trading Techs.*, 750 F. Supp. 2d at 973. The eight trial witnesses traveled to Chicago and collectively stayed 34 nights. *See* Table 5 below. At an average room rate of $339.89 per night, their rooms cost over $11,000. The Medicines Company, however, seeks $6,324.00 for these rooms, a rate calculated by applying the per diem rate for lodging. The trial subsistence costs for meals were also higher than the per diem rate. *See* Ex. 5 (showing the average meal rates of $83.95 per day). Accordingly, The Medicines Company has reduced the amounts requested to the per diem allowance.

As shown in Table 5 below, The Medicines Company seeks a total of $23,804.26 for these costs. The supporting invoices appear in Exhibit 5.

**Table 5 - Witness Fees for Attendance at Court or a Deposition**

| Date | Witness | Purpose | Travel Costs | Statutory Subsistence Costs: Lodging | Statutory Subsistence Costs: Meals | Statutory Per Diem Witness Fee $40 | Total Requested |
|------|---------|---------|--------------|-------------------------------------|-----------------------------------|-----------------------------------|-----------------|
| 10/17/2012 | Gopal Krishna | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Gopal Krishna | Trial | $1,291 | $186 | $71 | $0 | $1,548.00 |
| 6/9/2014 | Gopal Krishna | Trial | $0 | $186 | $71 | $40 | $ 297.00 |
| 6/10/2014 | Gopal Krishna | Trial | $0 | $186 | $71 | $40 | $ 297.00 |
| 6/11/2014 | Gopal Krishna | Trial | $0 | $186 | $71 | $40 | $ 297.00 |
| 6/12/2014 | Gopal Krishna | Trial | $0 | $186 | $71 | $40 | $ 297.00 |
| 6/13/2014 | Gopal Krishna | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 10/18/2012 | Anthony Flammia | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/3/2013 | Anthony Flammia | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Anthony Flammia | Trial | $1,131.89 | $186 | $71 | $40 | $1,428.89 |

| Date | Witness | Purpose | Travel Costs | Statutory Subsistence Costs: Lodging | Statutory Subsistence Costs: Meals | Statutory Per Diem Witness Fee $40 | Total Requested |
|---|---|---|---|---|---|---|---|
| 6/9/2014 | Anthony Flammia | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 10/19/2012[9] | Gary Musso | Deposition | $514 | $295 | $13.70 | $40 | $862.70 |
| 6/8/2014 | Gary Musso | Trial | $1,486.69 | $186 | $71 | $40 | $1,783.69 |
| 6/9/2014 | Gary Musso | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/10/2014 | Gary Musso | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 11/29/2012 | Angela Green | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 12/18/2012 | Rajeshwar Motheram | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 4/9/2013 | Rajeshwar Motheram | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Rajeshwar Motheram | Trial | $1,340.25 | $186 | $71 | $0 | $1,597.25 |
| 6/9/2014 | Rajeshwar Motheram | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/10/2014 | Rajeshwar Motheram | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/11/2014 | Rajeshwar Motheram | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/12/2014 | Rajeshwar Motheram | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 1/3/2013 | Sandra Kuzmich | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/27/2013 | Sandra Kuzmich | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Sandra Kuzmich | Trial | $1543.00 | $186 | $71 | $0 | $1,800.00 |
| 6/9/2014 | Sandra Kuzmich | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/10/2014 | Sandra Kuzmich | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/11/2014 | Sandra Kuzmich | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/12/2014 | Sandra Kuzmich | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/13/2014 | Sandra Kuzmich | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/17/2014 | Sandra Kuzmich | Trial | $943 | $186 | $0 | $0 | $1,129.00 |
| 6/18/2014 | Sandra Kuzmich[10] | Trial | $0 | $0 | $40.10 | $40 | $80.10 |
| 1/9/2013 | Lisa-Sue Wood | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 1/15/2013 | James Leary | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 4/18/2013 | Alexander Klibanov | Deposition | $997.63 | $241 | $71 | $40 | $1,349.63 |
| 6/8/2014 | Alexander Klibanov | Trial | $793.00 | $186 | $71 | $40 | $1,090.00 |
| 6/9/2014 | Alexander Klibanov | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/10/2014 | Alexander Klibanov | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/11/2014 | Alexander Klibanov | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/12/2014 | Alexander Klibanov | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/13/2014 | Alexander Klibanov | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 5/7/2013 | Gerald Mossinghoff | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Gerald Mossinghoff | Trial | $1,144.00 | $186 | $71 | $0 | $1,401.00 |
| 6/9/2014 | Gerald Mossinghoff | Trial | $0 | $186 | $71 | $0 | $257.00 |
| 6/10/2014 | Gerald Mossinghoff | Trial | $0 | $186 | $71 | $0 | $257.00 |
| 6/11/2014 | Gerald Mossinghoff | Trial | $0 | $186 | $71 | $0 | $257.00 |
| 6/12/2014 | Gerald Mossinghoff | Trial | $0 | $186 | $71 | $0 | $257.00 |
| 5/21/2013 | Alan Salzberg | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| 6/8/2014 | Alan Salzberg[11] | Trial | $986 | $186 | $71 | $40 | $1,283.00 |
| 6/9/2014 | Alan Salzberg | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/10/2014 | Alan Salzberg | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/11/2014 | Alan Salzberg | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/12/2014 | Alan Salzberg | Trial | $0 | $186 | $71 | $40 | $297.00 |
| 6/13/2014 | Alan Salzberg | Trial | $0 | $0 | $71 | $40 | $111.00 |
| 6/28/2013 | Russell Garman | Deposition | $0 | $0 | $0 | $40 | $40.00 |
| **Total** | | | **$12,170.46** | **$6,860.00** | **$2,893.80** | **$1,880.00** | **$23,804.26** |

---

[9] Actual subsistence costs for the lodging were higher than the per diem rate in New York City on October 19, 2012, which was $295.00 per day and The Medicines Company requests the lower rate.

[10] Actual subsistence costs were less than the statutory subsistence costs.

[11] Reflects a credit of $397 for a flight originally scheduled for June 12, 2014.

### 2. Expert Deposition Fees

Rule 26(b)(4)(C)(i) provides that "[u]nless manifest injustice would result, the court shall require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i). "Courts in this district have concluded that costs associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition." *LG Elecs.*, 2011 U.S. Dist. LEXIS 121361 at *13-14 (citations omitted). The Medicines Company seeks to recover $31,552.50 for reasonable expert witness fees, which includes the experts' time preparing for and attending each of their depositions. *See* Ex. 6. The amount requested is significantly less than the actual costs ($90,266.60).

The hourly rates charged by The Medicines Company's experts are reasonable given the witness's areas of expertise,[12] the necessary education and training required to provide the expert insight, the prevailing rates for comparably respected available experts, and the nature, quality and complexity of the responses provided. *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001). Furthermore the requested costs for deposition preparation do not exceed the 3 to 1 preparation-to-deposition time ratio and are thus reasonable. *See, e.g., LG Elecs.*, 2011 U.S. Dist. LEXIS 121361, at *14.

**Table 6 – Expert Deposition Preparation Fees**

| Expert Witness | Deposition Date | Hourly Rate | Time Spent Preparing for Deposition | Length of Deposition | Actual Cost | Requested Cost |
|---|---|---|---|---|---|---|
| Alexander Klibanov | 4/18/2013 | $900 | 16 hours | 8 hours 35 minutes | $72,896.60 | $22,125.00 |
| Gerald Mossinghoff | 5/17/2013 | $960 | 5 hours | 7 hours 41 minutes | $11,520.00 | $6,720.00 |
| Alan Salzberg | 5/21/2013 | $450 | 3 hours | 3 hours 1 minute | $5,850.00 | $2,707.50 |
| **Total** | | | | | **$90,266.60** | **$31,552.50** |

---

[12] Exhibit 7 contains the experts' CVs. Dr. Klibanov is and has been a Professor of Chemistry and Bioengineering at MIT for over 33 years. Dr. Salzberg obtained his Ph.D. in statistics from Wharton and has taught courses in statistics at the University of Pennsylvania and American University. The Honorable Gerald Mossinghoff served as the Commissioner of Patents and Trademarks.

### F.    28 U.S.C. § 1920(4): Fees for Exemplification and Copies

The Medicines Company seeks a total of $122,554.48 for exemplification and copies ($42,841.39 for exemplification fees and $79,713.09 for copying fees).

### 1.    Fees for Exemplification

Section 1920(4) permits the Court to tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §1920(4); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008). "The Seventh Circuit has stated that 'exemplification' must be read broadly to include 'a wide variety of exhibits and demonstrative aids' which includes standard charts and graphs as well as high-end 'computer-based, multi-media displays.'" *Horizon Hobby, Inc. v. Ripmax Ltd.*, No. 07-CV-2133, 2009 U.S. Dist. LEXIS 96255, at *22 (C.D. Ill. Oct. 15, 2009) (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000)). "Under *Cefalu*, such expenses encompass not only graphs and charts, but also sophisticated multi-media presentations, allowing for recovery of expenses for use of recent technological advances." *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 U.S. Dist. LEXIS 4470, at *11 (N.D. Ill. Mar. 22, 2004).

The Medicines Company seeks $42,841.39 for exemplification work to create and present evidence at trial. The Medicines Company: (i) hired International Bonded Couriers to send its materials from New York to Chicago; (ii) hired Aquipt to set up the courtroom with technical equipment (shared costs with Mylan); and (iii) and retained Infographics for its exemplification work at trial. *See* Ex. 8. In addition to bringing equipment that was used at trial, Infographics created PowerPoint slides and demonstratives to illustrate complex pharmaceutical and technical concepts for the Court. *See also Telular Corp. v. Mentor Graphics Corp.*, No. 01

12

C 431, 2006 U.S. Dist. LEXIS 44848, at *22 (N.D. Ill. June 16, 2006) (agreeing with the prevailing party that "the demonstrative exhibits 'greatly assisted in communicating rather complex engineering concepts and other relevant issues to the jury,' and that the 'enlarged exhibits [were] used often throughout the trial [and] … throughout Mentor's closing argument").

In support, The Medicines Company has submitted the invoices for the various third-party vendors (see Ex. 8). Such requests have been awarded under similar circumstances. *See LG Elecs.*, 2011 U.S. Dist. LEXIS 121361 at *20-21 (sustaining a request of $109,833.75 for substantiated cost requests for technological consultants); *see also Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (sustaining a request of $12,389.71 for exemplification costs that included the expense of graphic services).

### 2. Fees for Copies

Section 1920(4) allows the Court to tax as costs fees for copying materials necessarily obtained for use in the case. 28 U.S.C § 1920(4). The Medicines Company seeks $79,713.09 in photocopying costs.

First, The Medicines Company seeks $1,560.30 for copies of documents filed through the ECF system that were provided to the Court. Although these documents frequently included color pages and were often tabbed and bound (*see* LR 5.2(c)), The Medicines Company only seeks reimbursement for the 10,402 pages filed with the Court (*see* Ex. 9) at Smart & Bostjancich's in-house copying rate of $0.15 per page for black and white copies. "'[C]ourts in this district have found photocopying costs between $0.10 and $0.20 per page [for black and white copies] to be reasonable' under Section 1940(4)." *Chi. United Indus. Ltd. v. City of Chi.*, 05 C 5011, 2011 U.S. Dist. LEXIS 106523, at *8 (N.D. Ill. Sept. 20, 2011). Accordingly, using the formula of $0.15 per page, the Medicines Company requests that the Court award $1,560.30 for the costs of these copies.

13

Second, The Medicines Company asks the Court to tax as costs fees for color and black-and-white copies used at trial totaling $68,647.79.  The Medicines Company incurred third party vendor costs in the creation of photocopies of exhibits and binders for the Court, the Law Clerk, the Court reporters, witnesses, and opposing counsel (two sets per the parties' agreement in the Final Pretrial Order) (*see* ECF No. 412 at 6).  Third-party vendor Edox charged $0.065 per page for black-and-white copies and $0.60 per page for color copies.  Ex. 10.  For other copies, The Medicines Company rented trial copying equipment.  The cost of the rentals and supplemental costs based on the number of copies printed meant that the per-copy cost for The Medicines Company was at or below reasonable rates for black-and-white copies ($0.10 to $0.20) and the reasonable rate for color copies ($1.25 to $1.41).  *See, e.g., Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 U.S. Dist. LEXIS 164654, at *13 (N.D. Ill. Nov. 19, 2012) (taxing color copies at a "reasonable rate of $1.25 per color copy (plus tax))"; *Top Tobacco*, 2007 U.S. Dist. LEXIS 28543, at *28 (taxing color copies at a rate of $1.41 per page).  Accordingly, The Medicines Company seeks its trial copying costs, and attaches the supporting invoices as Exhibit 10.

Finally, Section 1920(4) permits the recovery of certain electronic-discovery costs.  *See Jardin v. DATAllegro, Inc.*, 08-CV-1462, 2011 U.S. Dist. LEXIS 117517, at *18-19 (N.D. Ill. Oct. 12, 2011); *see also LG Elecs.*, 2011 U.S. Dist. LEXIS 121361, at *24-25.  The Medicines Company seeks $9,505.00 for costs related to the scanning, processing, and extracting of Optical Character Recognition ("OCR") used to respond to Mylan's discovery requests and other discovery issues.  Typically, a party seeking reimbursement for e-discovery costs submits the invoices from its e-discovery vendor.  *See, e.g., id.* at *24.  Frommer Lawrence & Haug LLP ("FLH"), however, used its own in-house litigation support team to perform the e-discovery work in this case.  Accordingly, The Medicines Company has submitted its time entries for its

14

litigation-support team.  *See* Ex. 11.

These time entries reflect the work required to produce documents from April 2011 to August 2013 and show that the FLH litigation-support team performed the following e-discovery tasks: extracted and created OCR data and metadata for the files to be produced, converted files into tiff images so that they could be viewed in a litigation-support database, Bates stamped the tiff images, loaded the tiff images into Summation, and transferred the files to a storage medium (CD, DVD, or hard drive) for shipping.  *See* Ex. 11.  The Medicines Company produced over 4.5 million pages to Mylan and the amount sought for e-discovery costs ($9,505.00) is reasonable and recoverable under Section 1920(4).  *See, e.g., Comrie v. IPSCO Inc.*, No. 08 CV 3060, 2010 U.S. Dist. LEXIS 128217, at *10 (N.D. Ill. Dec. 1, 2010) (citations omitted).  Furthermore, the electronic discovery costs that The Medicines Company seeks are consistent with or below the costs awarded in other litigations for similar work.  *See, e.g.*, *LG Elecs.*, 2011 U.S. Dist. LEXIS 121361, at *24-25 (granting approximately $35,000 in e-discovery costs); *United States ex rel. Yannacopoulos v. Gen. Dynamics*, No. 03 C 3012, 2012 U.S. Dist. LEXIS 68071, at *8-9 (N.D. Ill. May 15, 2012) (awarding approximately $64,000 in electronic discovery costs); *Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, No: 07 CV 623, 2014 U.S. Dist. LEXIS 4701, at *34-35 (N.D. Ill. Jan. 14, 2014) (awarding $41,000 for the conversion and creation of readable electronic discovery and $24,000 for "endorsements, scanning, bates stamping, and media").

## II.    CONCLUSION

The Medicines Company respectfully requests that Mylan be taxed the sum of $260,324.44 as recoverable costs.  The Medicines Company has provided supporting invoices for each cost requested and believes that they are reasonable.  Should this Court require further accounting of costs, The Medicines Company is prepared to do so in any manner directed by the Court.

Respectfully submitted this 12th day of December 2014.

**SMART & BOSTJANCICH**
 s/ *Patricia S. Smart*
Patricia S. Smart
John Bostjancich
53 W. Jackson Blvd.
Suite 432
Chicago, IL  60604
(312) 857-2424
ps@SmartBostjancich.com
jb@SmartBostjancich.com

**FROMMER LAWRENCE & HAUG LLP**
 s/ *Porter F. Fleming*
Porter F. Fleming
Angus Chen
Jason A. Lief
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
pfleming@flhlaw.com
achen@flhlaw.com
jlief@flhlaw.com

*Attorneys for Plaintiff*
*The Medicines Company*

## CERTIFICATE OF SERVICE

I, Patricia S. Smart, certify that on this 12th day of December 2014 I electronically filed

The Medicines Company's Motion for a Bill of Costs with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to counsel of record including:

Scott D. Eads
SEads@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street
Tenth Floor
Portland, OR 97209-4128

James B. Coughlan
JCoughlan@perkinscoie.com
Perkins Coie LLP
131 South Dearborn Street
Suite 1700
Chicago, IL 60603-5559

Autumn N. Nero
ANero@perkinscoie.com
Emily J. Greb
EGreb@perkinscoie.com
David E. Jones
DEJones@perkinscoie.com
Ann M. Readel
AReadel@perkinscoie.com
William W. Adolfsen
Adolfsen@perkinscoie.com
Perkins Coie LLP
One East Main Street
Suite 201
Madison, WI 53703

Shannon M. Bloodworth
SBloodworth@perkinscoie.com
Perkins Coie LLP
700 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005-3960

_s/ Patricia S. Smart_