**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE MEDICINES COMPANY, | |
| Plaintiff, | No. 1:11-CV-01285 |
| v. | Hon. Amy J. St. Eve |
| MYLAN INC.,<br>MYLAN PHARMACEUTICALS INC., and<br>BIONICHE PHARMA USA, LLC, | Hon. Susan E. Cox, Magistrate Judge |
| Defendants. | |

**MYLAN'S MOTION FOR BILL OF COSTS PURSUANT TO
FED. R. CIV. P. 26(b)(4)(E) AND 54(d)(1), FED. R. APP. P. 34(e), AND 28 U.S.C. § 1920**

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................. 1

II.     BACKGROUND .................................................................................................... 1

III.    ARGUMENT ......................................................................................................... 4

        A.      The Federal Rules Instruct the Award of Reasonable Costs to Mylan, the
                Prevailing Party on Both Patents ............................................................... 4

        B.      Mylan's Itemized Costs .............................................................................. 5

        C.      Mylan Is Due $1,076 in Costs for the Clerk and Marshal Pursuant to
                § 1920(1) ................................................................................................... 5

        D.      Mylan is Due $78,348.38 in Costs for the Court Reporter and Transcripts
                Pursuant to § 1920(2) ................................................................................ 7

                1.      Deposition Transcript Costs of $38,686.30 .............................. 8

                2.      Deposition Video-Recording Costs of $29,846.00 ................... 10

                3.      Trial Transcripts Costs of $9,816.08 ........................................ 12

        E.      Mylan Is Due $52,888.36 in Costs for Witnesses Pursuant to § 1920(3)
                and Fed. R. Civ. P. 26(b)(4)(C)(i) ............................................................ 14

                1.      Lay and Expert Witness Attendance Costs of $1,160 ............... 14

                2.      Travel, Lodging, and Subsistence Costs of $4,762.36 .............. 15

                3.      Expert Costs of $46,966 ........................................................... 17

        F.      Mylan Is Due $143,881.15 in Costs for Copying, Electronic Discovery,
                and Exemplification Pursuant to § 1920(4) .............................................. 19

                1.      "Copying" Costs of $17,059.48 ................................................ 19

                2.      Electronic Discovery "Copying" Costs of $67,999.17 .............. 24

                3.      "Exemplification" Costs of $58,822.50 .................................... 26

IV.     CONCLUSION ..................................................................................................... 29

# TABLE OF AUTHORITIES

**CASES**

*Artunduaga v. Univ. of Chi. Med. Ctr.*,
  12 C 8733, 2017 WL 1355873 (N.D. Ill. Apr. 13, 2017) ................................... 17, 20, 23, 25

*Bogan v. City of Chi.*,
  No. 09 C 3852, 2010 WL 2635789 (N.D. Ill. June 28, 2010) ................................. 8

*Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machines Corp.*,
  249 F.R.D. 313 (N.D. Ill. 2008) ......................................................................... 21

*Cefalu v. Village of Elk Grove*,
  211 F.3d 416 (7th Cir. 2000) ............................................................................... 7

*Chemetall GmbH v. ZR Energy, Inc.*,
  No. 99 C 4334, 2001 WL 1104604 (N.D. Ill. Sept. 18, 2001)................................. 5

*Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*,
  No. 07 CV 623, 2014 WL 125937 (N.D. Ill. Jan. 14, 2014)........................... 27, 29

*Engate, Inc. v. Esquire Deposition Svcs. LLC*,
  No. 01 C 6204, 2006 WL 695650 (N.D. Ill. Mar. 13, 2006) ................................. 21

*Fast Memory Erase, LLC v. Spansion, Inc.*,
  No. 3-10-CV-0481-M-BD, 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010)........................ 25

*Glenayre Elecs., Inc. v. Jackson*,
  No. 02 C 0256, 2003 WL 21947112 (N.D. Ill. Aug. 11, 2003)...................... 21, 27

*In re Text Messaging Antitrust Litig.*,
  No. 08C7082, 2014 WL 4343286 (N.D. Ill. Sept. 2, 2014)................................. 7, 5

*Jardin v. DATAllegro, Inc.*,
  No. 08–CV–1462–IEG (WVG), 2011 WL 4835742 (S.D. Cal. Oct. 12, 2011) .................. 25

*Johnson v. Allstate Ins. Co.*,
  No. 07–cv–0781–SCW, 2012 WL 4936598 (S.D. Ill. Oct. 16, 2012) ................................. 25

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
  No. 08 C 0242, 2011 WL 5008425 (N.D. Ill. Oct. 20, 2011) ........................................passim

*Life Plans, Inc. v. Security Life of Denver Ins. Co.*,
  52 F. Supp. 3d 893 (N.D. Ill. 2014) ............................................................... 25

*Liquid Dynamics Corp. v. Vaughan Co.*,
  No. 01C6934, 2002 WL 31207212 (N.D. Il. Oct. 2, 2002) ................................. 17

*Little v. Mitsubishi Motors N. Am., Inc.*,
  514 F.3d 699 (7th Cir. 2007) ....................................................... 10

*M.T. Bonk Co. v. Milton Bradley Co.*,
  945 F.2d 1404 (7th Cir. 1991) ...................................................... 8

*Majeske v. City of Chi.*,
  218 F.3d 816 (7th Cir. 2000) ........................................................ 8

*Matz v. Household Int'l Tax Reduction Investment Plan*,
  No. 96C1095, 2014 WL 2699944 (N.D. Ill. June 12, 2014) ............... 20

*McIlveen v. Stone Container Corp.*,
  910 F.2d 1581 (7th Cir. 1990) .................................................... 20

*Mylan Inc. v. SmithKline Beecham Corp.*,
  No. 10-4809(JAP), 2015 WL 1931139 (D.N.J. Apr. 28, 2015) ........... 27

*Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*,
  924 F.2d 633 (7th Cir. 1991) ...................................................... 21

*Olivarius v. Tharaldson Prop. Mgmt. Inc.*,
  No. 08 C 463, 2011 WL 1117468 (N.D. Ill. Apr. 3, 2012) ............... 27

*Oviedo v. Jones*,
  No. 99 C 5216, 2004 WL 1898662 (N.D. Ill. Aug. 20, 2004) ........... 12

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
  No. C 09-5939 PJH, 2012 WL 1610979 (N.D. Cal. May 8, 2012) (Ex. T) ......... 25

*Pezl v. Amore Mio, Inc.*,
  No. 08C3993, 2015 WL 2375381 (N.D. Ill. May 13, 2015) ............... 22

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
  674 F.3d 158 (3d Cir. 2012) ......................................................... 25

*Rizzo v. Mr. Coffee, Inc.*,
  No. 94 C 5825, 1996 WL 84235 (N.D. Ill. Feb. 26, 1996) ................. 5

*Robinson v. Burlington N. R.R. Co.*,
  963 F. Supp. 691 (N.D. Ill. 1997) ...................................... 14, 15, 20

*Roney v. Illinois Dept. of Transp.*,
  No. 99C4941, 2007 WL 1100751 (N.D. Ill. Apr. 12, 2007) ............... 20

*Smart Mktg. Grp., Inc. v. Pub'ns Int'l, Ltd.*,
  No. No. 04–cv–0146, 2011 WL 1897214 (N.D. Ill. May 17, 2011) ........ 6

*SP Techs., LLC v. Garmin Int'l, Inc.*,
  No. 08CV3248, 2014 WL 300987 (N.D. Ill. Jan. 10, 2014)...........................................passim

*Specht v. Google Inc.*,
  No. 09 C 2572, 2011 WL 2565666 (N.D. Ill. June 27, 2011) ...............................27

*Stallings v. City of Johnson City*,
  13-cv-422-DRH-SCW, 2016 WL 4474683 (S.D. Ill. Aug. 25, 2016) ..................27

*Summit Tech., Inc. v. Nidek Co.*,
  435 F.3d 1371 (Fed. Cir. 2006)..............................................................................21

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  750 F. Supp. 2d 962 (N.D. Ill. 2010) ...........................................................4, 5, 8

*Trammel v. BASF Corp.*,
  No. 99C6897, 2002 WL 59114 (N.D. Ill. Jan. 14, 2002) ...................................7, 8

*Weeks v. Samsung Heavy Indus. Co.*,
  126 F.3d 926 (7th Cir. 1997) ...............................................................................4, 5

*Wilson v. Career Educ. Corp.*,
  No. 11 C 5453, 2016 WL 1719770 (N.D. Ill. Apr. 29, 2016)................................9

**STATUTES**

28 U.S.C. § 1821(b) ..........................................................................................................14

28 U.S.C. § 1821(c) ..........................................................................................................15

28 U.S.C. § 1821(d) ..........................................................................................................15

28 U.S.C. § 1920..............................................................................................................1, 5

28 U.S.C. § 1920(1) .........................................................................................................5, 6

28 U.S.C. § 1920(2) ....................................................................................................passim

28 U.S.C. § 1920(3) ....................................................................................................passim

28 U.S.C. § 1920(4) ....................................................................................................passim

**OTHER AUTHORITIES**

28 C.F.R. § 0.114(a)(3) .......................................................................................................6

73 FR 69554, Nov. 19, 2008..............................................................................................6

Fed. R. App. P. 39(e) ...............................................................................................1, 5, 6, 7

Fed. R. Civ. P. 26(a)(3)(A)(ii) .................................................................................................. 10

Fed. R. Civ. P. 26(b)(2)(B) ....................................................................................................... 24

Fed. R. Civ. P. 26(b)(4)(C)(i) ................................................................................................... 14

Fed. R. Civ. P. 26(b)(4)(E) .................................................................................................. 1, 17

Fed. R. Civ. P. 54(d)(1) ........................................................................................................... 1, 4

LR54.1 ................................................................................................................................ 4, 8, 9

## I.    INTRODUCTION

Mylan Inc., Mylan Pharmaceuticals Inc., and Bioniche Pharma USA, LLC (collectively, "Mylan") respectfully request that the Court grants the below bill of costs.

In 2011, TMC sued Mylan for infringement of two patents:  U.S. Patent Nos. 7,598,343 ("the '343 patent") and 7,582,787 ("the '787 patent") under the Hatch-Waxman Act.  What followed was more than six years of complex patent litigation, resulting in a final judgment in Mylan's favor on both patents.  Indeed, Mylan won summary judgment of non-infringement of the '343 patent and secured a final judgment of non-infringement of the '727 patent from the United States Court of Appeals for the Federal Circuit, which reversed this Court's finding of infringement.  While this case may be complex, it was made unnecessarily more so by TMC's aggressive litigation tactics, which forced numerous discovery disputes, increasing the costs of the litigation.  To illustrate, Mylan was forced to file (and won) three motions to compel.  ECF Nos. 146, 206; *The Medicines Co. v. Mylan, Inc.*, Case No. 13 Misc 11 (S.D.N.Y. Apr. 8, 2013), ECF No. 34.  At the same time, TMC filed serial, meritless discovery motions, all of which TMC lost.  *See, e.g.*, ECF Nos. 183, 246, 273.

Rule 54(d)(1) of the Federal Rules of Civil Procedure instructs that "costs . . . should be allowed to the prevailing party."  Mylan, as "the prevailing party" in the litigation and appeal, therefore seeks its taxable costs of $276,193.89 pursuant to Federal Rules of Civil Procedure 26(b)(4)(E) and 54(d)(1), 28 U.S.C. §1920, and Federal Rule of Appellate Procedure 39(e).

## II.    BACKGROUND

On February 23, 2011, TMC sued Mylan alleging that Mylan's proposed bivalirudin final drug product infringes United States Patent Nos. 7,592,727 ("the '727 patent") and 7,598,343 ("the '343 patent") (collectively, "the patents-in-suit").  ECF No. 1.

Litigation in this case was extensive and aggressive.  To illustrate, with regard to

depositions, the parties collectively took 30 depositions of 27 witnesses.[1]  At least 3 of these depositions or follow-up depositions were compelled by the Court, due at times to TMC's counsel improperly instructing witnesses' not to answer questions posed during deposition.  *See* ECF No. 207 (compelling additional deposition of Motheram); Case No. 13 Misc. 11, ECF No. 34 (S.D.N.Y. Apr. 8, 2013) (compelling depositions of Kuzmich and Garman).  Moreover, a fourth deposition (a follow-up deposition of Mr. Flammia, a TMC employee) was necessitated after TMC produced a belated (and later stricken) "expert" opinion.  *See* ECF Nos. 346, 406.

In addition to depositions taken in this case, Mylan was required to purchase the video recordings and court transcripts from the related *Hospira* case,[2] which included 18 depositions of 13 witnesses, videos that TMC refused to produce.  *Decl. of Autumn N. Nero in Supp. of Mylan's Bill of Costs* ("Nero Decl.") Ex. 13 (4/25/14 Letter Greb to Kanter) & Ex. 14 (5/1/14 Email Kanter to Greb).  And, given that TMC's product was developed, manufactured, and sold in connection with third parties, Mylan was forced to serve 20 subpoenas for deposition or *duces tecum*—some having even to be served multiple times on the same individual.[3]

Document production and motion practice in this case were also extensive.  As to documents, Mylan responded to 102 requests for production and five subpoenas requesting document production (for third parties InnoPharma, ChemWerth,  AmbioPharm, Biocon, and Protocol Link).  Mylan produced 71,956 pages on behalf of Mylan, as well as almost 90,000 pages on behalf of third parties: AmbioPharm 1,257 pages; Biocon, 14,547 pages; ChemWerth,

---

[1] This brief seeks no costs for the deposition of Dr. Fred Regnier, a Mylan expert that Mylan elected not to rely upon at trial, and thus excludes him from this count.

[2] *The Medicines Co. v. Hospira, Inc.* ("*Hospira*"), No. 1:09-CV-00750-RGA (D. Del.), *aff'd in part, rev'd in part*, No. 2014-1469, 2014-1504 (Fed. Cir. 2016), ECF No. 109-02 (affirming finding of non-infringement but reversing finding of validity), was an action brought by TMC against Hospira, Inc. on the same patents-in-suit and the same drug, Angiomax® (bivalirudin).

[3] TMC likewise served 10 third-party subpoenas.

24,583 pages; InnoPharma, 34,383 pages; and Protocol Link, 14,367 pages.

As to motion practice, Mylan was also forced to defend against TMC's repeated (and generally unsuccessful) motions to compel. Indeed, TMC filed three motions to compel—ECF No. 159 (30(b)(6) witness topics), ECF No. 186 (subpoena of Navneet Puri), and ECF No. 225 (continuance of Regnier deposition), all three of which were denied, ECF Nos. 183, 194, 272, and four motions in limine—ECF Nos. 420, 422, 424, and 426—all of which were denied in whole or in part, ECF Nos. 467, 475, 478, and 482. Mylan, on the other hand, filed three motions to compel—ECF Nos. 124 (compel request for production and interrogatory responses) and 184 (compel additional document production and follow-up deposition of Dr. Rajeshwar Motheram) and Case No. 13 Misc. 11, ECF No. 17 (S.D. N.Y. Jan. 28, 2013) (compel depositions of Drs. Kuzmich and Garman)—which were granted in whole or in part, ECF Nos. 146 (granted in part), 206 (granted); Case No. 13 Misc. 11, ECF No. 34 (S.D. N.Y. Apr. 8, 2013) (granted). Of Mylan's six motions in limine and four *Daubert* motions—ECF Nos. 331, 342, 346, 354, 413, 417, 421, 427, 498, and 508—five were granted in whole or in part, ECF Nos. 366, 405, 473, 475, 485, 486, 487, 508, 512, 514. And, finally, Mylan and its development partner were forced to quash the subpoena of Navneet Puri of InnoPharma in both this Court and the Southern District of New York. *See* ECF No. 194; Order, Case No. 12 Misc. 00360 (S.D.N.Y. Dec. 11, 2012) (quashing Puri subpoena).

Trial spanned five (extended hour) days and generated 1,553 pages of transcript. Witnesses called live at trial include: Anthony Flammia, Gary Musso, Julie Simon, Daniel Hoch, Alexander Klibanov, Wayne Talton, Ian McKeague, David Auslander, Rajeshwar Motheram, Gopal Krishna, Alan Salzberg, Nancy Linck, and Sandra Kuzmich. Two of the live witnesses—Daniel Hoch and Julie Simon—were third parties called by TMC for no

ascertainable reason. Deposition excerpts of Martina O'Sullivan, Leena Selvaraj, and Malini Sen were played in-court, while 15 additional depositions[4] were submitted to the Court for later consideration. *See, e.g.*, JTX 3000; JTX 3001; JTX 3002; JTX 3003; JTX 3004; JTX 3005; JTX 3007; JTX 3008; JTX 3009; JTX 3020; JTX 3021; JTX 3022; JTX 3024; JTX 3025; JTX 3026; JTX 3027; JTX 3028; JTX 3029.

In the end, Mylan prevailed. This Court granted Mylan's motion for summary judgment of non-infringement of the '343 patent. ECF No. 309. Although this Court held that Mylan infringed the '727 patent, *see* ECF No. 689,[5] on April 6, 2017, the U.S. Court of Appeals for the Federal Circuit agreed with Mylan's proposed claim construction and reversed the judgment, holding that Mylan did not infringe the '727 patent. *See* Nos. 2015-1113, -1151, -1181 (Fed. Cir.), ECF No. 109-2, *petition for reh'g denied,* ECF No. 123. Thus, Mylan was victorious in its noninfringement arguments as to both the '727 and '343 patents.

## III. ARGUMENT

### A. THE FEDERAL RULES INSTRUCT THE AWARD OF REASONABLE COSTS TO MYLAN, THE PREVAILING PARTY ON BOTH PATENTS.

Given that Mylan prevailed in this litigation, it now seeks its costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* LR54.1. There is a "strong presumption" that the prevailing party should recover these costs. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 968 (N.D. Ill. 2010) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926,

---

[4] To the extent these depositions were offered by Mylan, transcripts and videos were provided to the Court.

[5] Because of this judgment, TMC previously sought costs of $260,324.44, which Mylan opposed. *See* ECF Nos. 623 (TMC motion), 632 (Mylan opposition), 637 (TMC reply brief).

944–45 (7th Cir. 1997)). These costs are outlined in 28 U.S.C. § 1920, and include fees for the (1) clerk and marshal, (2) court reporter, (3) witnesses, (4) exemplification and copies, (5) docket fees, and (6) interpreters and court-appointed experts. "The burden of proof is not on the prevailing party to establish that it is entitled to the costs, but on the losing party to establish reasons to deny costs." *Chemetall GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at \*22 (N.D. Ill. Sept. 18, 2001) (Ex. A). Indeed, it is the losing party that has the affirmative burden to demonstrate the prevailing party is not entitled to costs, *see also Rizzo v. Mr. Coffee, Inc.*, No. 94 C 5825, 1996 WL 84235, at \*1 (N.D. Ill. Feb. 26, 1996) (Ex. B), and the district court's discretion is "narrowly confined" to "good reasons for denying them," *Weeks*, 126 F.3d at 945.

Additionally, Federal Rule of Appellate Procedure 39(e) instructs the district court to tax the additional appellate costs, including the reporter's transcript, preparing and transmitting the record, and the fee for filing the notice of appeal. Fed. R. App. P. 39(e).

### B.    MYLAN'S ITEMIZED COSTS

Mylan seeks taxable costs totaling $276,193.89, as summarized in Table 1 below.

| TABLE 1: MYLAN'S ITEMIZED COSTS | |
|---|---|
| **Taxable Cost** | **Costs Requested** |
| § 1920(1): Fees for the Clerk and Marshal | $1,076.00 |
| § 1920(2): Fees for the Court Reporter and Transcripts | $78,348.38 |
| § 1920(3): Fees for Witnesses | $52,888.36 |
| § 1920(4): Fees for Exemplification and Copies | $143,881.15 |
| **TOTAL:** | **$276,193.89** |

Additional details are included below and in Exhibits 1–12 of the *Decl. of Autumn N. Nero in Supp. of Mylan's Bill of Costs* filed herewith.

### C.    Mylan Is Due $1,076 in Costs for the Clerk and Marshal Pursuant to § 1920(1).

Fees for private process of service are recoverable under § 1920(1), so long as they do not exceed the U.S. Marshals rate at the time process was served. *See, e.g.*, *Trading Techs.*, 750

-5-

F. Supp. 2d at 984. The United States Marshals Service charges $55 per hour (or portion thereof), per employee, plus travel costs and other out-of-pocket expenses including mileage, to serve or execute personal service. 28 C.F.R. § 0.114(a)(3); *see also* 73 FR 69554, Nov. 19, 2008. In addition, Federal Rule of Appellate Procedure 39(e) allows the district court to award the appellate filing fee and costs relating to obtaining, preparing, and transmitting the court reporter's transcripts "if needed to determine the appeal." *Smart Mktg. Grp., Inc. v. Pub'ns Int'l, Ltd.*, No. No. 04–cv–0146, 2011 WL 1897214, at *2 (N.D. Ill. May 17, 2011) (quoting Fed. R. App. P. 39(e)) (Ex. C).

Here, Mylan incurred actual costs of $1,146.31 for fees for service of process, which included the costs of service and two rush fees.[6] Of this sum, Mylan requests only $571: the U.S. Marshals rate for the time expended. In addition, Mylan has provided a receipt in support of the fees paid for filing the notice of appeal, totaling $505. *See* Nero Decl., Ex. 2 (PayPal receipt). These fees are also taxable under § 1920(1). A summary of the requested $1,076 in costs for the clerk and marshal appear below in Table 2. The supporting invoices can be found in Nero Decl., Ex. 2.

---

[6] Three witness fees were also advanced by the process server. These are included below in Section III.E (§ 1920(3) fees).

| TABLE 2: § 1920(1) COSTS FOR THE CLERK AND MARSHAL | | | | |
|---|---|---|---|---|
| **Date** | **Party/Witness** | **Event** | **Actual Costs** | **Requested Costs** |
| 11/14/2011 | Ben Venue Labs | Service of subpoena | $80.00 | $55.00 |
| 11/14/2011 | Integrated Commercialization Solutions, Inc. | Service of subpoena | $119.50 | $55.00 |
| 8/9/2012 | Martha Gezzar | Service of subpoena | $23.50 | $23.50 |
| 8/10/2012 | Sandra Kuzmich | Service of subpoena | $87.50 | $55.00 |
| 8/10/2012 | Martha Gezzar | Service of subpoena | $52.50 | $52.50 |
| 8/10/2012 | Ben Venue Labs | Service of subpoena | $87.50 | $55.00 |
| 9/7/2012 | Martha Gezzar | Service of subpoena | $139.08 | $55.00 |
| 10/1/2012 | Integrated Commercialization Solutions, Inc. | Service of subpoena | $184.23 | $55.00 |
| 11/1/2012 | Patheon Inc. | Service of subpoena | $111.50 | $55.00 |
| 11/1/2012 | Patheon Inc. | Service of subpoena | $107.50 | $55.00 |
| 11/7/2012 | Patheon Inc. | Service of subpoena | $153.50 | $55.00 |
| SUBTOTAL: | | | $1,146.31 | $571.00 |
| | N/A | Filing fee − Notice of Appeal. *See* Fed. R. App. P. 39(e) | $505.00 | $505.00 |
| TOTAL: | | | $1,651.31 | **$1,076.00** |

### D. Mylan is Due $78,348.38 in Costs for the Court Reporter and Transcripts Pursuant to § 1920(2).

Taxable costs under § 1920(2) may include the appearance of the court reporter, per-page transcript fee, videography, and expediency (e.g., "rough" or "realtime" transcript) fees. *See, e.g.*, *Trammel v. BASF Corp.*, No. 99C6897, 2002 WL 59114 at *3 (N.D. Ill. Jan. 14, 2002) (permitting per-page charges for the deposition transcript and adding "incidental fees for the stenographer's appearance") (Ex. D); *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08CV3248, 2014 WL 300987 at *2, *4 (N.D. Ill. Jan. 10, 2014) ("expedited [hearing transcript] rates were justified" and "expedited transcripts for [certain] experts were appropriate") (Ex. E); *In re Text Messaging Antitrust Litig.*, No. 08C7082, 2014 WL 4343286, at *7 (N.D. Ill. Sept. 2, 2014)

(awarding costs for expedited transcripts necessary for preparing reports, summary judgment motion, or responsive deposition) (Ex. F); *compare Bogan v. City of Chi.*, No. 09 C 3852, 2010 WL 2635789, at *2–3 (N.D. Ill. June 28, 2010) (contrasting "quite short" trial of less than one day and with "simple" facts, where daily trial transcripts were unnecessary, with a case where daily trial transcripts were necessary to, e.g., prepare cross-examinations, trial memoranda, and post-trial briefs and motions) (Ex. G).

As explained below, Mylan is seeking $78,348.38 in § 1920(2) costs: $38,686.30 in deposition transcript fees, $29,846.00 in deposition video-recording fees, and $9,816.08 in trial transcripts.

### 1. Deposition Transcript Costs of $38,686.30

Court reporter and transcript fees are taxable under § 1920(2) where they are "necessarily obtained for use in the case." Transcripts costs for both depositions and hearings may be taxable. *See, e.g.*, *SP Techs.*, 2014 WL 300987, at *3 (allowing costs for deposition and hearing transcripts). The transcripts need not be "absolutely indispensable," however—they need only by "reasonably necessary" for use in the case, determined "in light of the facts known at the time of the deposition." *Trading Techs.*, 750 F. Supp. 2d at 975 (N.D. Ill. 2010) (citations and quotation marks omitted); *see also M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (deposition transcript necessary and charges taxable "in light of facts known at the time of the deposition"). Deposed witnesses need not be called at trial for the deposition transcript to be "necessary." *See Trammel*, 2002 WL 59114, at *2 (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)).

Court reporter appearance fees are taxable in addition to their stated per-page rate, so long as the fees do not exceed the published rates on the Court website or a previous order of the court. LR54.1(b) ("Court reporter appearance fees may be awarded in addition to the per

page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court."); *see also Wilson v. Career Educ. Corp.*, No. 11 C 5453, 2016 WL 1719770, at *2 (N.D. Ill. Apr. 29, 2016) (Ex. H); *see also SP Techs.*, 2014 WL 300987 at *5–6. At the time of the depositions and hearing, the maximum transcript rates were $3.65 for ordinary transcripts, $6.05 for daily transcripts, $3.05 for realtime transcripts, $0.90 for copies, and $1.20 for copies of daily transcripts. *See* Maximum Transcript Rates, http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/Federal CourtReportingProgram.aspx#rates (last visited July 6, 2017).

Mylan here seeks costs related to one original of each deposition transcript taken in this litigation. *See* LR54.1(b) ("Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."). For original/final transcripts, including rough transcripts, Mylan's actual incurred costs per page ranged from $3.55 to $4.85 per page, in addition to certain additional costs.[7] Where the per-page rate exceeded the statutory cap, Mylan has reduced the amount accordingly. Specifically, Mylan requests court reporter and deposition transcript costs (other than deposition video-recording costs, which are included below in Section III.D.2 ) relating to:

- $10,101.50 in statute-capped deposition transcripts for Mylan fact and expert witnesses, including one original copy ($7,616.50), one rough copy (where applicable) ($2,397), and one $88 exhibit fee;

- $17,459.25 in statute-capped deposition transcripts for TMC fact and expert witnesses, including one original copy ($11,143.50), one rough copy (where

---

[7] Mylan is not requesting fees relating to the condensed transcripts, shipping costs, ASCII files (even though the ASCII file is needed for syncing the transcription and video), or transcription fees above the statutory cap.

applicable) ($3,714), $120 in court reporter appearance fees, and $2,481.75 in exhibit fees; and

- $11,125.55 in statute-capped deposition transcripts for third-party witnesses, including one original copy ($8,100.30), one rough copy (where applicable) ($1,892), $110 in court reporter appearance fees, and $1,023.25 in exhibit fees.

These § 1920(2) costs total $38,686.30, and are also set forth in Table 3, below, and in the accompanying exhibit, Nero Decl. Ex. 3.

These deposition transcripts were reasonably necessary for use in the case—Mylan and TMC designated or counter-designated testimony from the majority of the depositions for use at trial. *See* ECF Nos. 412-7, 412-8. Indeed, in TMC's motion for costs—filed before the resolution of Mylan's successful appeal—TMC determined many of the same depositions reasonable and necessary. *See* ECF No. 623 at 6 (Table 3).

### 2. Deposition Video-Recording Costs of $29,846.00

In addition, "[u]nder Section 1920(2), costs for . . . video-recorded depositions . . . may be taxed to the losing party if the video [is] necessarily obtained for use in the case." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) (citations omitted) (Ex. I); *see also SP Techs.*, 2014 WL 300987 at *5 ("A party may, however, recover costs for both a videotaped deposition and transcript of the same deposition provided that both are reasonably necessary." (citation omitted)).

Notably here, the videotaped depositions were presented with the stenographic transcripts as required by Rule 26(a)(3)(A)(ii). *See* Fed. R. Civ. P. 26(a)(3)(A)(ii) ("a party must provide to the other parties and promptly file . . . the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition"); *see also Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2007) (discussing same). Additionally, many of the

videotaped depositions were relied upon, presented at trial, and/or submitted to the Court.  *See, e.g.*, JTX 3000; JTX 3001; JTX 3002; JTX 3003; JTX 3004; JTX 3005; JTX 3007; JTX 3008; JTX 3009; JTX 3020; JTX 3021; JTX 3022; JTX 3024; JTX 3025; JTX 3026; JTX 3027; JTX 3028; JTX 3029.  Specifically, Mylan requests $29,846 in video costs:

- $2,340 in video-recorded deposition fees for Mylan witnesses;

- $10,585 in video-recorded deposition fees for TMC witnesses;

- $4,897.50 in video-recorded deposition fees for third-party witnesses; and

- $12,023.50 in video-recorded deposition fees for witnesses from the *Hospira* trial—Mylan was forced to pay fees for the recordings of these *Hospira* depositions, as TMC refused to produce them to Mylan.  These videos were reasonably necessary for Mylan's attorneys to review as Mylan was not a party to the *Hospira* litigation and thus was unable to determine the witnesses' demeanor and credibility without acquiring and viewing the video.  Additionally, one of the *Hospira* video-recordings was in fact used in Mylan's case at trial.

A summary of the requested video depositions is included in Table 3, below and in the accompanying exhibit, Nero Decl. Ex. 3.

| TABLE 3: § 1920(2) DEPOSITION TRANSCRIPT AND VIDEO-RECORDING COSTS | | | | | | |
|---|---|---|---|---|---|---|
| **Party** | **Requested Statutory Cost for Transcript** | **Requested Statutory Cost for Rough Transcript** | **Appearance Fee** | **Exhibit Fee** | **Video Cost** | **Total Requested Cost** |
| Mylan and Mylan Experts | $7,616.50 | $2,397.00 | | $88.00 | $2,340.00 | $12,441.50 |
| TMC and TMC Experts | $11,143.50 | $3,714.00 | $120.00 | $2,481.75 | $10,585.00 | $28,044.25 |
| Third Parties | $8,100.30 | $1,892.00 | $110.00 | $1,023.25 | $4,897.50 | $16,023.05 |
| *Hospira* Litigation | | | | | $12,023.50 | $12,023.50 |
| TOTAL: | | | | | $29,846.00 | **$68,532.30** |

### 3. Trial Transcripts Costs of $9,816.08

Additionally, § 1920(2) authorizes reimbursement of trial transcripts "not [to] exceed the regular copy rate established by the United States Judicial Conference." *LG Elecs.*, 2011 WL 5998425, at *2 (citing N.D. Ill. LR54.1(b)). Costs for "transcripts from other court proceedings necessarily obtained for use in the case' will also be awarded." *Oviedo v. Jones*, No. 99 C 5216, 2004 WL 1898662, at *2 (N.D. Ill. Aug. 20, 2004) (quoting *Majeske v. City of Chi.*, 218 F.3d 816, 825 (7th Cir. 2000)) (Ex. J).

This was a complex Hatch-Waxman litigation. Transcripts of the hearings, often expedited, were needed to prepare briefings and motions. Daily and real-time trial transcripts were necessary to adequately direct and cross examine witnesses, were relied upon in facilitating the entry of exhibits into evidence, and were cited by both parties throughout their post-trial briefs (including in their opening briefs filed only thirteen days after trial concluded).

Accordingly, Mylan seeks the following costs, as further exemplified in Table 4, below, and more extensively detailed in Nero Decl. Ex. 4:

- $859.50, the statutory capped rate, for one copy of the *Hospira* trial and proceedings (used to streamline discovery and minimize duplication in this case) at the ordinary transcript rate;

- $211.79, the actual rate (up to the statutory cap, where applicable) for one original and one first or expedited copy of pre- and post-trial proceedings; and

- $8,744.79 for transcript fees of this action's trial, including one daily original and one real-time copy (up to the statutory cap).[8]

---

[8] Before trial, Mylan and TMC agreed to share costs of daily and realtime trial transcripts. Therefore, Mylan's requested trial transcript costs (and supporting invoices) reflect only its agreed-upon half.

-12-

| TABLE 4: § 1920(2) TRIAL TRANSCRIPT COSTS | | | | | | |
|---|---|---|---|---|---|---|
| **Date** | **Description** | **Transcript Type** | **Pgs.** | **Per Page Rate** | **Actual Costs** | **Requested Costs** |
| 7/30/2012 | Transcript of proceedings | Ordinary first copy | 51 | $0.90 | $45.90 | $45.90 |
| 10/24/2012 | Transcript of proceedings | Ordinary first copy | 13 | $0.90 | $11.70 | $11.70 |
| 11/19/2012 | Transcript of proceedings | Expedited, reduced to Ordinary Original | 5 | $4.85 | $24.25 | $18.25 |
| 1/17/2013 | Transcript of proceedings | Expedited | 14 | $0.90 | $12.60 | $12.60 |
| 10/3/2013 | Transcript of *Hospira* trial proceedings | Ordinary first copy | 955 | $5.03 | $4,807.50 | $859.50 |
| 5/15/2014 | Transcript of proceedings – Pretrial Conference | Expedited (below Ordinary Original) | 32 | $2.87 | $91.84 | $91.84 |
| 6/5/2014 | Transcript of proceedings – Trial (6/5/14, 6/9/14–6/13/14) | Ordinary daily + first copy | 1515 | $3.62 | $5,484.30 | $5,484.30 |
| 6/5/2014 | Transcript of proceedings – Trial (6/5/14, 6/9/14–6/13/14) | Real-time | 1415 | $2.10 | $2,971.50 | $2,971.50 |
| 6/18/2014 | Transcript of proceedings – Trial | Original daily + first copy | 53 | $3.63 | $192.39 | $192.39 |
| 6/18/2014 | Transcript of proceedings – Trial | Real-time | 46 | $2.10 | $96.60 | $96.60 |
| 3/9/2015 | Transcript of proceedings | Daily First Copy (reduced to First Copy Original) | 29 | $1.20 | $34.80 | $26.10 |
| 6/15/2017 | Transcript of proceedings | Daily First Copy (reduced to First Copy Original) | 6 | $1.20 | $7.20 | $5.40 |
| **TOTAL:** | | | | | **$13,780.58** | **$9,816.08** |

E.      **Mylan Is Due $52,888.36 in Costs for Witnesses Pursuant to § 1920(3) and Fed. R. Civ. P. 26(b)(4)(C)(i).**

Mylan requests a total of $52,88.36 for § 1920(3) witness fees, including $1,160 in attendance fees, $4,762.36 in travel, lodging, and subsistence fees, and $46,966 in expert fees.

| TABLE 5: § 1920(3) WITNESS FEES | | |
|---|:---:|:---:|
| **Description** | **Actual Costs** | **Requested Costs** |
| Witness Attendance Fees | $1,160 | $1,160 |
| Travel, Lodging, and Subsistence | $10,354.56 | $4,762.36 |
| Expert Fees | $49,396 | $46,966 |
| **Total** | **$60,910.56** | **$52,888.36** |

1.      **Lay and Expert Witness Attendance Costs of $1,160**

Under § 1920(3), lay and expert witness fees for attending court hearings, depositions, and trial are reimbursable at $40 per day. *See, e.g.*, *LG Elecs.*, 2011 WL 5998425, at *4; *Robinson v. Burlington N. R.R. Co.*, 963 F. Supp. 691, 693 (N.D. Ill. 1997); 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). Additionally, "the time the deponents spent to and from the deposition location amounts to travel time, and is thus recoverable." *LG Elecs.*, 2011 WL 5008425, at *5 (citing *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008)); 28 U.S.C. § 1821(b) ("A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.").

Here, Mylan has not requested attendance fees for any additional days its witnesses traveled to/from their deposition or trial. Pursuant to § 1920(3), Mylan requests 29, $40 statutory per diem fees totaling $1,160, as demonstrated in Nero Decl. Ex. 5 (showing dates of deposition, trial attendance, lodging, and travel and "Statutory Per Diem Witness Fee $40").

**Mylan Experts**

- $280 for David Auslander—Mylan's expert witness in, *inter alia*, drug scale-up and validation, good manufacturing practices, and FDA regulatory requirements, attended his one-day deposition and six days of trial—for one day of deposition and six days of trial.

- $40 for Ivan Hofmann—Mylan's expert witness for damages—for attending his one-day deposition.

- $240 for Nancy Link—Mylan's expert witness in USPTO practices and procedures—for attending her one-day deposition and five days of trial.

- $160 for Ian McKeague—Mylan's expert biostatistician— for attending his one-day deposition and three days of trial.

**Mylan Witnesses**

- $200 for Martina O'Sullivan, Daniel Robins, Leena Selvaraj, Julie Simon, and Ruth Varden for attending their one-day depositions; and

- $40 for Wayne Talton for attending one day of trial.

**Other Witnesses**

In addition to Mylan employees and Mylan expert witnesses, Mylan sought testimony from the following individuals at deposition and trial, and accordingly seeks:

- $200 in total witness fees for Martha Gezzar (subpoenaed twice), Integrated Commercialization Solutions, Inc., Pantheon Pharmaceuticals, Inc., and Timothy Smith for attending their one-day depositions.

### 2. Travel, Lodging, and Subsistence Costs of $4,762.36

Travel-related expenses are also "witness fees" authorized by § 1920(3). Travel should be by practical route, at an economically reasonable rate. Taxi, train, parking, and other miscellaneous travel costs are also taxable. *Robinson*, 963 F. Supp. at 693; *see also* 28 U.S.C. § 1821(c). Reasonably necessary lodging and subsistence costs for witnesses is also taxable under § 1920(3), up to the statutory rate. *See Robinson*, 963 F. Supp. at 693; 28 U.S.C. § 1821(d). At the relevant time periods of deposition and trial, the maximum per diem lodging

-15-

rate in Chicago was $186 per day and the GSA subsistence/incidental rate in Chicago was $71. *See* Nero Decl., Ex. 15 (FY2014 Per Diem Rates for Illinois, http://www.gsa.gov/portal/category/100120 (last visited July 26, 2017).[9]

As demonstrated in Nero Decl. Ex. 5, Mylan requests § 1920(3) witness travel, lodging, and subsistence costs in the amount of $4,762.36. These include $4,692.41 for Mylan' experts:

- $972 for David Auslander's four days preparing for and attending his deposition: $36 in travel costs, statute-capped $723 in lodging, and statute-capped $213 in meals.

- $1,641.66 for David Auslander's seven days in Chicago attending trial: $201.40 in travel, statute-capped $1,116 in lodging, and statute-capped $324.26 in meals.

- $1,311.75 for Nancy Link's attendance at trial: $310.75 in round-trip travel, $930 in statute-capped lodging, and $71 in statute-capped meals.

- $767 for Ian McKeague's attendance at trial: $209 in travel (Mylan seeks only the cost for the flight *to* trial) and $558 in statute-capped lodging.[10]

Additionally, Mylan seeks costs reimbursement for the mandated mileage fees paid to the witnesses Mylan subpoenaed, a total of $69.95:

- $23.35 for Martha Gezzar (Mylan was forced to subpoena her twice);

- $25.73 for Integrated Commercialization Solutions, Inc.;

- $2.00 for Patheon Pharmaceuticals Inc.; and

- $18.87 for Timothy Smith.

---

[9] The majority of depositions occurred in Chicago. For David Auslander's April 25, 2013 deposition in New York City, the capped rate in effect was $241 per day in lodging and $71 per day in food and subsistence. *See* Nero Decl., Ex. 16 (FY2013 Per Diem Rates for New York City, https://www.gsa.gov/portal/category/100120 (last visited July 26, 2017).

[10] Mylan is not requesting travel, lodging, or subsistence reimbursement for the remaining witnesses, including Ivan Hofmann, Martina O'Sullivan (Mylan), Daniel Robins (Mylan), Leena Selvaraj (Mylan 30(b)(6)), Julie Simon (Mylan 30(b)(6)), Wayne Talton (Mylan), or Ruth Varden (Mylan 30(b)(6)).

### 3. Expert Costs of $46,966

Rule 26(b)(4)(E) further provides that "[u]nless manifest injustice would result, the court *must* require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery. . . ." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). Under § 1920(3), a district court may therefore order the party seeking discovery to pay a "fair portion of the fees and expenses incurred in obtaining information from the expert." *LG Elecs.*, 2011 WL 5998425, at *4 (citing cases); *see also SP Techs.*, 2014 WL 300987, at *7. Taxable costs include at least (a) time spent preparing for the deposition, *LG Elecs.*, 2011 WL 5998425, at *4 (citing cases); *Artunduaga v. Univ. of Chi. Med. Ctr.*, 12 C 8733, 2017 WL 1355873, at *3 (N.D. Ill. Apr. 13, 2017) (awarding $2,340 for deposition preparation of one witness, a rate of $450/hour) (Ex. K); (b) time attending the deposition, *LG Elecs.*, 2011 WL 5998425, at *4 (citing cases); and (c) time spent reviewing the transcripts of testimony, including in preparation for hearings and trial, *id.* at *4–5 (citing cases). The court may determine the reasonableness of the expert's fee by considering "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area," as well as "[7] the party who retained him or her, [8] the amount the expert ordinarily charged for 'related matters' and [9] 'any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.'" *SP Techs.*, 2014 WL 300987, at *8 (citations omitted). To the extent such information is unavailable or not provided, "the court may use its discretion in determining the reasonableness of the charged fee." *Liquid Dynamics Corp. v. Vaughan Co.*, No. 01C6934, 2002 WL 31207212, at *3 (N.D. Il. Oct. 2, 2002) (Ex. L).

-17-

The hourly rates charged by Mylan's experts are reasonable given each witness's area of expertise, advanced levels of education and experience required to provide the testimony, the prevailing rates for comparably credentialed and respected experts (including those relied upon by TMC in its earlier bill of costs[11]), and the nature, quality, and complexity of the services provided. Mylan's experts' CV are included as Nero Decl., Exhibit 17.

Mylan requests § 1920(3) expert costs in the amount of $46,966, as demonstrated in Nero Decl. Exhibit 6. This includes the following:

- David Auslander, a B.S., M.S. and Ph.D in pharmaceutical sciences with 35 years of professional experience in drug formulation and validation, scale-up, good manufacturing practices, and FDA regulatory requirements (including fourteen years as directors of pharmaceutical development), billed at a rate of $405/hour. Dr. Auslander's hourly rate is reasonable given his education and years of experience in the pharmaceutical industry. Mylan requests costs for 21 hours (voluntarily reduced from 27 hours billed)[12] reviewing the patent documents and preparing for deposition, 7 hours of deposition, and 9 hours of reviewing and checking errata in his deposition transcript, for a total of **$14,985.** Dr. Auslander's preparation and review time is reasonable under the circumstances because of the complexity and centrality of his patent and pharmaceutical analysis to Mylan's ultimate success in this case.

- Ivan Hofmann, a B.A. in business administration (double majoring in accounting and economics), certified public accountant, and certified financial forensic accountant with experience in pharmaceuticals valuation, testified as Mylan's expert on damages and billed at a rate of $375/hour. Mr. Hofmann's hourly rate is reasonable given his near-twenty years of experience in accounting, twelve of which with a major accounting firm, and his specialized experience in pharmaceutical accounting. Mylan requests costs for 12.3 hours of time reviewing his report and documents in preparation for his deposition, 6 hours of

---

[11] For reference, TMC's pharmaceutical expert, Dr. Alexander Klibanov, billed at a rate of $900/hour; TMC's USPTO expert, Gerald Mossinghoff, billed at a rate of $960/hour; TMC's biostatistician, Alan Salzberg, billed at a rate of $450/hour—all billed at higher hourly rates than Mylan's comparable (and ultimately prevailing) experts, and TMC argued that "[t]he hourly rates charged by The Medicines Company's experts are reasonable given the witness's [sic] areas of expertise." ECF No. 623 at 11.

[12] Mylan has so reduced Dr. Auslander's billed preparation time in accordance with the "reasonable" 3:1 preparation-to-deposition ratio oft-cited by the Northern District of Illinois. *See, e.g.*, *LG Elecs.*, 2011 WL 5008425, at *4; *see also* ECF No. 623 at 11 (TMC costs brief citing same).

deposition, and 1.3 hours of deposition follow-up and transcript and errata review, for a total of **$7,350.**

- Nancy Linck, who holds an M.S. and Ph.D in inorganic chemistry, M.S. in biotechnology, and J.D., and who teaches as an intellectual law adjunct professor of law at Georgetown University Law Center, testified as Mylan's expert on USPTO procedures and billed at a rate of $700/hour. Dr. Link's hourly rate is reasonable given her advanced chemical and law degrees, professional legal experience, and status as an adjunct professor at Georgetown. Mylan requests costs for 12:50 hours of deposition preparation, 7 hours of deposition, and 3:45 hours for reviewing her deposition transcript, for a total of **$16,506.**

- Ian McKeague, a B.A/M.Math in mathematics, Ph.D. in statistics, and professor of biostatistics at Columbia University, had more than thirty years' professional experience in mathematics and statistics. Dr. McKeague testified as Mylan's biostatistics expert, and billed at a rate of $500/hour. Dr. McKeague's hourly rate is reasonable given his years of experience and status as a Columbia University professor. Mylan requests costs for 7.5 hours of deposition preparation, 6 hours of deposition, and 2.75 hours reviewing and correcting the deposition transcript, for a total of **$8,125.**

### F. Mylan Is Due $143,881.15 for Copying, Electronic Discovery, and Exemplification Costs Pursuant to § 1920(4).

Section 1920(4) permits costs to be reimbursed "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). For the reasons outlined below, Mylan here seeks $143,879.15 in total § 1920(4) costs: $17,059.48 in photocopying costs, $67,999.17 in e-discovery costs related to copying, and $58,822.50 in exemplification costs, as exemplified below in Table 6.

| TABLE 6: SUMMARY OF ALL § 1920(4) COPYING & EXEMPLIFICATION COSTS | |
|---|---|
| **Taxable Cost** | **Costs Requested** |
| § 1920(4): "Copying" | $17,059.48 |
| § 1920(4): Electronic Discovery "Copying" | $67,999.17 |
| § 1920(4): "Exemplification" | $58,822.50 |
| **TOTAL:** | **$143,881.15** |

#### 1. "Copying" Costs of $17,059.48

A prevailing party may recover costs for copies that were "necessary for use in the case." 28 U.S.C. § 1920(4). The phrase "for use in the case" refers to "materials actually

prepared for use in presenting evidence to the court" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (citation omitted), which may include "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court," *Roney v. Illinois Dept. of Transp.*, No. 99C4941, 2007 WL 1100751, at *1 (N.D. Ill. Apr. 12, 2007) (citations omitted) (Ex. M); *see also SP Techs.*, 2014 WL 300987 at *6 ("photocopying charges for discovery and court copies are recoverable"); *Robinson*, 963 F. Supp. at 693 ("Copies attributable to discovery are normally considered necessary." (citation omitted)); *LG Elecs.*, 2011 WL 5008425 at *7 (awarding costs for the Court's courtesy copy and two internal copies of pleadings filed with the Court); *Artunduaga*, 2017 WL 1355873, at *4 (awarding costs for two copies of pleadings and discovery requests, responses, subpoenas, deposition notices, deposition transcripts with trial designations or used to impeach, and copies for exhibits). "Even with electronic filing, a prevailing party may recover costs for up to two copies of 'pleadings, motions, and memoranda submitted to the court.'" *Matz v. Household Int'l Tax Reduction Investment Plan*, No. 96C1095, 2014 WL 2699944, at *4 (N.D. Ill. June 12, 2014) (citation omitted) (Ex. N).  Additionally, copies of exhibits for depositions, hearing, and trial are taxable, *see LG Elecs.*, 2011 WL 5008425 at *8 (despite insufficient billing details, still awarding half of $66,269.87 in photocopied exhibits for depositions, hearings, and trial because "extensive of the materials Whirlpool submitted to substantiate these costs and the complexity and length of this lawsuit in which the exhibits were used in presenting evidence to the Court and jury"), as are Court-requested copies, *id.* (awarding costs for "Court requested" photocopies of all exhibits used during witness examinations and for trial).

The prevailing party should "provide the best breakdown [of copying costs] obtainable from retained records," *however*, it is "not required to submit a bill of costs containing a

description so detailed as to make it impossible economically to recover photocopying costs," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991); *see also LG Elecs.*, 2011 WL 5008425, at *6 ("the prevailing party need only provide the best breakdown obtainable from the records"). "[I]n complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation," so rather than "page-by-page precision, a bill of costs must represent a calculation that is reasonably accurate under the circumstances." *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1378, 1380 (Fed. Cir. 2006). For example, costs have been awarded where the party "provided the total amount and the total number of pages" in lieu of an explicit per-page cost, where the value was calculated to be a "reasonable" "average per-page cost of less than $0.15." *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machines Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008). Where detailed specificity is unavailable, one allowable method is to reduce a total copying charge by a fixed percentage—e.g., 50% of all copies made to account for duplicative items and documents unnecessary to the action. *See, e.g.*, *Summit Tech.*, 435 F.3d at 1379; *see also Engate, Inc. v. Esquire Deposition Svcs. LLC*, No. 01 C 6204, 2006 WL 695650, at *6 (N.D. Ill. Mar. 13, 2006) (Ex. O).

First, Mylan seeks $410 for the costs of the certified copies of the patents used in the case. *See, e.g.*, *Glenayre Elecs., Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003) (granting costs of "$1,500 for the cost of obtaining a certified copy of the patent (as well as the two reexamination certificates) at issue in this case") (Ex. P). Mylan seeks the invoiced costs, less the courier/travel fee. *See* Nero Decl., Ex. 7.

Second, Mylan seeks $1,737.50 for one copy of all documents filed through the ECF system and filed with the Court—a total of 17,375 pages. *See* Nero Decl., Ex. 8. Mylan has excluded all fees relating to color copies, binding, presentation (e.g., notebooks, tabs), and shipping, reducing its rate to Mylan's standard in-house black-and-white copy rate of $0.10 per page. This rate is well within the range found reasonable by courts in the Northern District. *Pezl v. Amore Mio, Inc.*, No. 08C3993, 2015 WL 2375381, at *7 (N.D. Ill. May 13, 2015) (citing cases) (typically finding reasonable "between $0.10 and $0.20 per page") (Ex. Q).

Third, Mylan seeks $14,911.98 for black-and-white and color copies in supplying the exhibits and binders for the Court, Law Clerk, Court reporters, witnesses, and each party's counsel (two sets per the parties' agreement in the Final Pretrial Order, *see* ECF No. 412 at 6), for a total of seven binders. *See* Nero Decl., Ex 9. Third-party vendor Ricoh charged $0.06/page for black-and-white copies, $0.69/page for regular color copies, and $2.00/page for enlarged (11x17) color copies.[13]

A summary table of these § 1920(4) "copying" charges is included in Table 7, below, reflecting information from Nero Decl. Exhibits 7–9.

---

[13] Ricoh included black-and-white copying and assembly as one line-item charge of $0.06/page, although Ricoh included additional supplies and "technical services." Because $0.06/page is below even the $0.10–$0.20 range deemed reasonable, and because Mylan is not requesting the additional binding and assembly fees on the invoice, Mylan has not further reduced these costs. *See, e.g.*, *Pezl*, 2015 WL 2375381, at *7.

| TABLE 7: § 1920(4) "COPYING" COSTS | | | | | | |
|---|---|---|---|---|---|---|
| **Invoice Date** | **Subject** | **Taxable Item Description** | **No. Pages** | **Per Page Rate** | **Total Invoiced Cost** | **Requested Costs** |
| 1/18/2011 | Certified copies of U.S. Patent Applications 12/180,553 and 12/180,551 | – | – | $426 | $410 |
| **Subtotal:** | | | | | $426 | $410 |
| n/a | Perkins Coie copying costs for all documents filed through ECF and filed with the Court | | 173,750 | $0.10 | $1,737.50 | $1,737.50 |
| **Subtotal:** | | | | | $1,737.50 | $1,737.50 |
| 6/27/2014 | Courtroom copies of DTX trial exhibits | Color 11"x17" copies | 1,068 | $2.00 | $7,947.18 | $2,136 |
| | | Prints with assembly | 66,276 | $0.06 | | $3,976.56 |
| | | Image conversion (PDF/TIFF per Unit)[14] | 66,276 | $0.02 | | $1,325.52 |
| 6/27/2014 | Leary witness binders | Prints with assembly | 6,363 | $0.06 | $694.53 | $381.78 |
| 6/27/2014 | Smith & Robins witness binders | Prints with assembly | 7,634 | $0.06 | $726.29 | $356.16[15] |
| 6/27/2014 | Linck witness binders | Prints with assembly | 15,279 | $0.06 | $1,388.46 | $802.14[16] |
| | | Prints – Color | 88 | $0.69 | | $53.13 |
| 6/27/2014 | Krishna & Motheram witness binders | Prints with assembly | 16,803 | $0.06 | $1,521.68 | $784.56[17] |

---

[14] These conversions of files are often taxed as "exemplifications," also within § 1920(4). *See infra*, Section III.F.2; *see also, e.g., Artunduaga*, 2017 WL 1355873, at *6 (allowing costs for conversion of all 800,000 documents into readable and/or searchable formats, despite production of only 30,000). However, as these relate to physical copying and are included in the Ricoh invoices, these conversions are included herein within § 1920(4) "trial exhibit costs."

[15] For the Smith and Robins witness binders, Ricoh created 9 binders, therefore Mylan requests costs for 7/9 of the listed invoiced values (one for each binder to which the parties agreed).

[16] For the Linck witness binders, Ricoh created 8 binders, therefore Mylan requests costs for 7/8 of the listed invoiced values (for black-and-white and color).

[17] For the Krishna & Motheram witness binders, Ricoh created 9 binders, therefore Mylan requests costs for 7/9 of the listed invoiced values.

| TABLE 7: § 1920(4) "COPYING" COSTS | | | | | | |
|---|---|---|---|---|---|---|
| Invoice Date | Subject | Taxable Item Description | No. Pages | Per Page Rate | Total Invoiced Cost | Requested Costs |
| 6/27/2014 | Auslander, McKeague & Talton witness binders | Prints with assembly | 22,664 | $0.06 | $2,053.96 | $1,189.44[18] |
| 6/27/2014 | Declaration, exhibits, memo, opinion, DTX for hearing | Prints with assembly | 7,290 | $0.06 | $561.49 | $437.40 |
| | | Image conversion (PDF/TIFF per Unit) | 2,337 | $0.02 | | $46.74 |
| 6/27/2014 | Flammia and Musso witness binders | Prints with assembly | 42,296 | $0.06 | $2,969.76 | $2,220.54[19] |
| 6/27/2014 | Transcripts of Krishna, Kuznich, Motheram, Musso | Prints with assembly | 8,729 | $0.06 | $1,412.26 | $523.74 |
| | | Prints – Color | 983 | $0.69 | | $678.27 |
| Subtotal: | | | | | $19,275.61 | $14,911.98 |
| § 1920(4) "COPYING" TOTAL: | | | | | $21,439.11 | **$17,059.48** |

Mylan has *not* requested reimbursement for additional copies made for attorney convenience; third-party vendor fees for binding, "technical services," presentation (e.g., notebooks, tabs), or shipping/delivery; or the rental of any copying equipment (including in the trial team's "war room").

### 2. Electronic Discovery "Copying" Costs of $67,999.17

The Federal Rules of Civil Procedure *required* Mylan to produce electronically stored information unless it could have "show[n] that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see id.* Advisory Comm. Note to 2006 Amendment. In the Northern District of Illinois, "it is undisputed that electronic

---

[18] For the McKeague, Talton, and Auslander witness binders, Ricoh created 8 binders, therefore Mylan requests costs for 7/8 of the listed invoiced values.

[19] For the Flammia and Musso witness binders, Ricoh created 8 binders, therefore Mylan requests costs for 7/8 of the listed invoiced values.

discovery costs are available under Section 1920(4)." *LG Elecs.*, 2011 WL 5008425, at *8 (citing cases). Taxable costs may include (1) scanning hard copy documents, *In re Text Messaging*, 2014 WL 4343286, at *3 (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012)); (2) converting electronic data into TIFF/PDF format, a searchable format, and/or other agreed-upon production format(s), *see, e.g.*, *Johnson v. Allstate Ins. Co.*, No. 07–cv–0781–SCW, 2012 WL 4936598, at *7 (S.D. Ill. Oct. 16, 2012) (Ex. R); *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 904 (N.D. Ill. 2014); *Artunduaga*, 2017 WL 1355873, at *6 (allowing costs for conversion of all 800,000 documents into readable and/or searchable formats, despite production of only 30,000); *Race Tires*, 674 F.3d at 170 (citing *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *4 (N.D. Tex. Nov. 10, 2010) (awarding nearly $200,000 for TIFF/OCR conversion) (Ex. S)); (3) OCR, *Johnson*, 2012 WL 4936598, at *6 (discussing cases and noting that "rendering of ESI into a word searchable format is compensable"); (4) Bates labeling, *Life Plans*, 52 F. Supp. 3d at 903–04; (5) creating deliverable media to transfer the document production to the opposing party, *Life Plans*, 52 F. Supp. 3d at 904; and (6) the human costs associated with the above categories, *see, e.g.*, *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012) (allowing $6,365.04 for work by technicians to convert computer data into a readable format) (Ex. T); *Jardin v. DATAllegro, Inc.*, No. 08–CV–1462–IEG (WVG), 2011 WL 4835742, at *9 (S.D. Cal. Oct. 12, 2011) (allowing costs for human component where "the project manager did not review documents or contribute to any strategic decision-making; he oversaw the process of converting data to the .TIFF format to prevent inconsistent or duplicative processing.") (Ex. U).

Mylan requests $67,999.17 in taxable e-discovery costs relating to "copying"—$42,432.02 in Perkins Coie in-house e-discovery costs and $25,567.15 outside vendor e-discovery costs. Although Mylan's actual costs were much higher—at least $190,778.16 in vendor and in-house e-discovery costs—Mylan has requested costs only for conversions, creating TIFF images, OCR, Bates stamping, production preparation, and related activities, and the human hours spent performing those functions. Mylan has *not* requested costs for, e.g., hosting, searching, filtering, de-duplicating, clustering, or threading the electronic documents, nor has Mylan requested costs for general project management hours unrelated to the specific taxable costs.

Mylan's e-discovery invoices from outside vendors Barrister Digital Solutions, L.L.C. and Epiq eDiscovery Solutions, Inc. are included as Nero Decl. Exhibit 10, with notations denoting which costs are requested as taxable. Mylan's summary of Perkins Coie's in-house e-discovery, including only proposed taxable costs, is included as Nero Decl. Ex. 11. A summary table of these costs, Table 8, is included below.

| TABLE 8: § 1920(4) ELECTRONIC DISCOVERY "COPYING" COSTS | | |
|---|---|---|
| Item | Actual Cost | Requested Cost |
| Barrister Digital Solutions, L.L.C. (BDS) E-Discovery Costs | $679.50 | $644.58 |
| Epiq eDiscovery Solutions, Inc. (Epiq) E-Discovery Costs | $59,647.64 | $24,922.57 |
| Perkins Coie In-House E-Discovery Costs | $42,432.02 | $42,432.02 |
| TOTAL: | $102,759.16 | **$67,999.17** |

### 3. "Exemplification" Costs of $58,822.50

As the Seventh Circuit explained, "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification…. [W]e find no limits inherent in the term 'exemplification' that would permit a court to award costs for the more familiar means of illustration—models, charts, graphs, and the like—but

preclude it from compensating a party for an animated reconstruction of an accident, for example, or other types of computer-based, multimedia displays." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). For example, in *LG Electronics*, the Court awarded costs for computerized slide shows and for "technological consultants [that] organized and then presented the exhibits to the Court and jury, which was an efficient, time-saving method of presenting complex evidence under the circumstances." 2011 WL 5008425 at *7. To the extent they were not taxed as part of § 1920(2), deposition video and text synchronization fees are also taxable. *See, e.g.*, *Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *7 (N.D. Ill. Jan. 14, 2014) ("Regarding the deposition synchronization, cost for the time spent synchronizing videotaped depositions is generally recoverable," awarding costs under § 1920(4)) (Ex. V); *LG Elecs.*, 2011 WL 5008425, at *3 (same).[20] Rentals of multimedia equipment from outside vendors may also be taxable costs where they relate to exemplification. *See, e.g.*, *Glenayre Elecs.*, 2003 WL 21947112, at *6 (allowing $4,395 for seven-day rental of multimedia projection equipment).

Mylan accordingly requests $11,760 (of a total invoice of $21,877.50) in § 1920(4) exemplification costs for technical animation by Demonstratives. *See* Nero Decl., Ex. 12. These demonstratives assisted in the presentation of Dr. David Auslander's testimony, which

---

[20] Other cases tax these costs instead under § 1920(2). *See Olivarius v. Tharaldson Prop. Mgmt. Inc.*, No. 08 C 463, 2011 WL 1117468, at *4 (N.D. Ill. Apr. 3, 2012) (deposition "video/text synchronization fee was reasonable," awarded under § 1920(2)) (Ex. W); *Specht v. Google Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011) (similar) (Ex. X); *Mylan Inc. v. SmithKline Beecham Corp.*, No. 10-4809(JAP), 2015 WL 1931139, at *13–14 (D.N.J. Apr. 28, 2015) (taxing costs for "deposition transcript designations" under § 1920(2)) (Ex. Y); *Stallings v. City of Johnson City*, 13-cv-422-DRH-SCW, 2016 WL 4474683, at *4 (S.D. Ill. Aug. 25, 2016) (awarding costs under § 1920(2), explaining that "[v]ideo that is used for impeachment purposes can be a very effective tool, and in this case, the tactic was utilized by the defendant through the use of the video clips of the plaintiff from her lengthy depositions. Accordingly, the Court finds the cost of the video deposition and video clips were reasonable and necessary to the litigation.") (Ex. Z).

related to the highly technical aspects of the patents and pharmaceutical formulation and process development—and ultimately Mylan's ability to demonstrate noninfringement to the district court and Federal Circuit. Mylan has not requested the "project manager" or "senior artist" time, or time related to slides not presented in court, but rather only the hours spent substantively developing the animations and graphics used during Dr. Auslander's trial testimony.

Mylan also requests $47,062.50 in § 1920(4) exemplification costs for certain "BlueBear Solutions" activities relating to trial exemplification. Mylan has excluded $24,102.55 in costs relating to BlueBear travel expenses, travel costs, and "war room availability" and general "prep time." The remaining $47,062.50 includes 48.75 hours of in-court time, where BlueBear assisted with all trial presentation, performed live "call-outs" and "blow-ups" of material, and created graphics on the fly; 138.5 hours of out-of-courtroom work creating custom graphics; 63.5 hours for database production work, including finalizing and labeling trial exhibits; and 63 hours for production of videos that would be submitted to the Court, including the laborious tasks of creating, editing, and checking video deposition clips.

A summary of these § 1920(4) exemplification costs is below in Table 9, reflecting information from Nero Decl. Ex. 12.

| TABLE 9: § 1920(4) EXEMPLIFICATION COSTS | | |
|---|---|---|
| Item | Actual Cost | Requested Cost |
| Video deposition syncing | (*see also* § 1920(2), above) | |
| Demonstratives | $21,877.50 | $11,760.00 |
| BlueBear Solutions | $71,165.05 | $47,062.50 |
| TOTAL: | $93,042.55 | **$58,822.50** |

Here, some of the work involved in Mylan's video deposition syncing was included in the requested costs under § 1920(2) video-recorded deposition costs, above. *See* Section

III.D.2.[21]   Additional work on the video depositions—including the time-consuming but important tasks of cutting the video and syncing the video to the transcripts—was performed by BlueBear Solutions and included in the $47,02.50 above.   Mylan is not pursuing any exemplification costs relating to experts not offered at trial (other than by deposition designation, as outlined in Mylan's costs under § 1920(2), above).   Mylan is also not requesting any "exemplification" costs relating to vendors setting up the courtroom with electronic equipment or renting equipment (*e.g.*, computers, copiers, laptops, projection devices) for use at or for trial.

## IV.   CONCLUSION

For the reasons stated above, the Court should grant Mylan's total request for taxable costs in the amount of **$276,193.89.**

---

[21] To the extent any such video-recorded depositions costs were not taxed under § 1920(2), however, Mylan requests that they be taxed under § 1920(4) exemplification costs, pursuant to *Chi. Bd. Options*, 2014 WL 125937, at *7.

July 27, 2017

Respectfully submitted,

By: */s/ James B. Coughlan*
     James B. Coughlan
     JCoughlan@PerkinsCoie.com
     Perkins Coie LLP
     131 S. Dearborn Street
     Chicago, IL  60603
     312.324.8400

     *Attorneys for Defendants*
     *Mylan Inc., Mylan Pharmaceuticals Inc.,*
     *and Bioniche Pharma USA, LLC*

Shannon M. Bloodworth (*pro hac vice*)
SBloodworth@perkinscoie.com
Perkins Coie LLP
700 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005-3960
202.654.6200

Autumn N. Nero (*pro hac vice*)
ANnero@perkinscoie.com
Emily J. Greb (*pro hac vice*)
EGreb@perkinscoie.com
Perkins Coie LLP
One East Main Street
Suite 201
Madison, WI  53703-5118
608.663.7460

James B. Coughlan
JCoughlan@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-5559
312.324.8400

-30-

**CERTIFICATE OF SERVICE**

I, James B. Coughlan, hereby certify that on July 27, 2017, I electronically filed the foregoing **MYLAN'S MOTION FOR BILL OF COSTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record including the below:

Porter F. Fleming
Angus Chen
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
pfleming@haugpartners.com
achen@haugpartners.com

Patricia S. Smart
SMART & BOSTJANCICH
53 West Jackson Boulevard
Chicago, IL 60604
(312) 857-2424
ps@smartbostjancich.com

*/s/ James B. Coughlan*